Ex Parte G. E. McKean, Petitioner for Writ of *Habeas Corpus.*—92 S. W. (2d) 141.

Court en Banc, March 18, 1936.

*Fred Beblemere, John J. Nangle, Harry S. Rooks* and *Martin Barrow* for petitioner; *S. P. Halpern* of counsel.

*Roy McKittrick*, Attorney General, and *Franklin E. Reagan*, Assistant Attorney General, for respondent.

*F. E. Williams, amicus curiae.*

GANTT, J.—*Habeas corpus.* The Sheriff of Madison County, in writing and upon oath, made a complaint to a justice of the peace of said county in which he charged that, in said county, petitioner established a lottery known as "bank night," and that he also aided and assisted in establishing a lottery in said county. On a warrant issued by the justice, the sheriff arrested petitioner and holds him in custody to answer said complaint. Petitioner seeks to be ,discharged from custody on the ground that the advertising practice called "bank night" is not a lottery and for that reason is not a violation of Section 4314, Revised Statutes 1929. The writ of *habeas corpus* prevented the justice from proceeding with the cause.

Petitioner neither challenges the jurisdiction of the justice of the peace, the constitutionality of the statute, the sufficiency of the complaint, ·nor the sufficiency of the process. It is elementary that *habeas corpus* cannot be used to perform the functions of a writ

of error or an appeal. However, in Ex parte Joseph Neet, 157 Mo. 527, l. c. 537, 57 S. W. 1025, we said:

▪ "The rule must now be regarded as settled in this State that if a person is imprisoned for an act which is not in contravention of any existing law, or if the act under which he is held is unconstitutional, *habeas corpus* is a proper remedy to restore to him his freedom of which he has been improperly and illegally deprived. [Ex parte Slater, 72 Mo. 102; Ex parte Arnold, 128 Mo. 256; Ex parte O'Brien, 127 Mo. 477; Ex parte Craig, 130 Mo. 590; Ex parte Smith, 135 Mo. 223.]"

In the cases cited in support of the statement, the trial court was either without jurisdiction, exceeded its jurisdiction, or the statute was unconstitutional.

In said case petitioner was convicted on a charge of playing baseball on Sunday. Before the trial this court had ruled that there was no law in this State which prohibited a person from playing said game on Sunday. [St. L. Agrl. & Mech. Assn. v. Delano, 108 Mo. 217, 18 S. W. 1101.] In the face of this ruling the trial court exceeded its jurisdiction. Furthermore, Neet was without an adequate remedy by appeal. He was convicted on information filed by the prosecuting attorney, and at that time the statute only authorized an appeal on a charge by indictment. [State v. Brown, 153 Mo. 578, 55 S. W. 76.]

Of course, the statement that unless there is an "existing law" condemning the act, *habeas corpus* is a proper remedy, must be taken with reference to the facts of said case. In other words, the question of whether or not there was an "existing law" prohibiting baseball on Sunday had been finally ruled at the time Neet was prosecuted.

▪ In the instant case the question of the violation of the statute is open for determination. Thus it appears that on *habeas corpus* this court is without authority to determine the question. It follows that the justice of the peace is authorized to determine the questions of "probable cause."

The question under consideration has been ruled in Horner v. United States, 143 U. S. 570, 36 L. Ed. 266, 12 Sup. Ct. 520. In that case the petitioner had been committed to await the action of the grand jury on complaint that he had violated a Federal statute prohibiting the sending by mail of circulars concerning lotteries. On his petition the United States Circuit Court issued a writ of *habeas corpus* which was dismissed by that court. He appealed to the United States Supreme Court and contended that the circular was not covered by the statute. The case was ruled by said court as follows:

"But we are of the opinion that that question ought not to be reviewed by us on this appeal. The point raised is that the Austrian bond scheme is not a lottery. That is a question properly triable by the court in which an indictment may be found against Horner. He

is now held to await the action of a grand jury. His case is in the regular course of criminal adjudication. It is not proper for this court, on this appeal, nor was it proper for the circuit court, on the writ of *habeas corpus*, to determine the question as to whether the scheme was a lottery. . . . The commissioner had jurisdiction of the subject matter involved, and of the person of Horner, and the grand jury would have like jurisdiction. . . . The case presents for the determination of the court in which the indictment may be found the question as to whether the scheme was a lottery, and it is not for any court to determine it in advance, on *habeas corpus*. If an inferior court or magistrate of the United States has jurisdiction, a superior court of the United States will not interfere by *habeas corpus*."

On the record the petitioner should be remanded to the custody of the sheriff of Madison County, and the writ should be quashed. It is so ordered. All concur.