### McGUIRE v. HUNTER, Warden.

### No. 2767.

Circuit Court of Appeals, Tenth Circuit.

Oct. 14, 1943.

Isaac Mellman, of Denver, Colo. (Benjamin F. Endres, of Leavenworth, Kan., on' the brief), for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (George H. West, U. S. Atty., of Topeka, Kan., and Harlow B. King, Asst. U. S. Atty., of Minneapolis, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Bernard G. McGuire, herein called petitioner, was convicted in the United States Court for Western Michigan of robbing a national bank and of assaulting and putting in jeopardy the lives of the manager and a paying teller of the bank while engaged in such robbery, in violation of 12 U.S.C.A. § 588b; and he was sentenced to imprisonment for a period of twenty-five years. Commitment issued and petitioner is now confined in the penitentiary at Leavenworth, Kansas, serving such sentence. He filed in the United States Court for Kansas his petition for a writ of habeas corpus seeking release; the warden made response; the court denied the petition; and petitioner appealed.

As a ground for the issuance of a writ, it is contended that petitioner was deprived of adequate and effective assistance of counsel in his defense in the criminal case in that his counsel was not present at the time sentence was imposed. He was represented throughout the trial by an attorney of his own choice whom he employed and paid substantial compensation, and that attorney was assisted by another attorney. Both participated actively in the trial. Petitioner testified in the court below that his attorney was not present at the time the sentence was imposed in the criminal case, but the judgment and sentence in the case expressly recites that he then and there came into court "with counsel." The Sixth Amendment to the Constitution of the United States guarantees to one charged with a crime the right to have the assistance of counsel in his defense, and the validity of a judgment and sentence may be challenged in a habeas corpus proceeding on the ground that the accused was denied that constitutional right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. But such a judgment is presumed to be correct and may not be lightly set aside, and the burden rested upon petitioner to show by clear and convincing evidence that he was denied his right. Johnson v. Zerbst, supra. Assum-

ing, without deciding, that the right includes the assistance of counsel at the time of the imposition of sentence, the uncorroborated testimony of petitioner, standing alone, was not enough to overcome the clear and explicit recital in the judgment that his counsel was present.

■ As a further ground for the issuance of the writ, it is contended that petitioner instructed his attorney to appeal the criminal case and that he failed to do so. But an appeal is not a necessary element of due process, and it is not incumbent upon the trial court in a criminal case to see that the attorney for the defendant perfects an appeal. Therefore the failure of the attorney in this instance to take the requisite steps to appeal the case does not warrant the discharge of petitioner on habeas corpus. Errington v. Hudspeth, 10 Cir., 110 F. 2d 384, 127 A.L.R. 1467; McDonald v. Hudspeth, 10 Cir., 129 F.2d 196.

■■ The further contention is that petitioner was removed from the jurisdiction of the court in Michigan without being allowed sufficient time to act in respect to the appeal, in violation of his constitutional rights. A trial court should not issue a commitment pending appeal in a criminal case. Tinkoff v. Zerbst, 10 Cir., 80 F.2d 464. But here petitioner was sentenced the next morning after the return of the verdict. Later in the day, he departed for Leavenworth in custody of the marshal and was delivered to the warden the following day. He testified in this case that after the return of the verdict but before the imposition of sentence, he addressed a letter to the court stating that he desired it to serve as notice of his intention to appeal, and that he handed the letter to an officer who was acting as special guard outside his cell in the jail, but there was no showing whatever that it ever reached the court; he also testified that after the imposition of sentence, he stated to the United States Attorney in the court room that he desired to appeal the case, but the judge had left the court room; and he further testified that after being taken into an anteroom, he again stated that he wanted to appeal and that the person to whom the statement was made replied that he would tell his attorney, but the record does not make it clear whether the statement was made to the United States Attorney or some one else. In any event, it is not contended that any formal or informal notice of appeal was ever given to the court

or that any suggestion or demand was made that petitioner be allowed to remain within the jurisdiction of the court pending an appeal. In these circumstances, the issuance of the commitment and the removal of petitioner to the penitentiary did not impinge upon any of his constitutional rights.

■ Petitioner relies upon an affidavit made by Ray Stevenson, an inmate of the penitentiary at Alcatraz, and a stenographic statement made by John Simunov, an inmate of the penitentiary at Leavenworth. Stevenson merely stated in his affidavit that appellant and his codefendant had nothing to do with the robbery of the bank. Simunov stated that he, Stevenson, and an unnamed third person committed the robbery, and that appellant and his codefendant did not participate in it. Both the affidavit and the statement were made long after petitioner was convicted and entered upon his term of imprisonment. Treating them as confessions of the crime and as completely absolving petitioner of any guilt therein, they afford no basis whatever for discharge on habeas corpus. Figueroa v. Saldana, 1 Cir., 23 F.2d 327, certiorari denied 277 U.S. 574, 590, 48 S.Ct. 530, 72 L. Ed. 995.

■■ The remaining contention is that the court below failed to accord petitioner a full and complete hearing. Where in a case of this kind a material issue of fact is presented, it is the duty of the court to have the petitioner produced in court and hold a hearing at which an opportunity is afforded to present evidence. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L. Ed. 830. Petitioner was produced in court and testified fully and in great detail concerning his arrest in California, his return to Michigan, his trial and sentence, and his removal to the penitentiary. At the conclusion of the hearing, there was a postponement in order that copies of certain letters might be obtained and furnished, and that was done. Petitioner subsequently filed an application for the issuance of a praecipe for John Simunov as a witness. But the stenographic statement of Simunov was already before the court, and it showed that if his testimony were introduced and received it would not be sufficient to justify the discharge of petitioner. Petitioner also filed a petition praying that he be again produced in court in order that he might give further oral testimony regarding material facts in issue.

But he had already testified fully, the petition failed to indicate the nature of the additional testimony, and at the presentation of the petition his attorney failed and seemingly was unable to indicate its substance. Instead of petitioner being denied a full and complete hearing, the court heard the case with commendable patience and thoroughness.

The order denying the petition for a writ is affirmed.