LOUIS WAGNER, RESPONDENT, v. RHEA MERTEL SHELLY, EXECUTRIX OF
THE ESTATE OF SOLON S. SHELLY, DECEASED, APPELLANT.—210
S. W. 2d 394.

Kansas City Court of Appeals.   Opinion delivered March 1, 1948.

*Ben G. Clark* for appellant.

*Walter A. Raymond* for respondent.

ON MOTION FOR REHEARING

CAVE, P. J.—In his motion for rehearing respondent states that our opinion is in conflict with the decision of the Supreme Court in the case of Wormington v. City of Monett, 204 S. W. (2d) 264, be-

cause there was no order of substitution made within a year after the death of Solon S. Shelly. The record discloses that the motion coram nobis of defendant, Solon S. Shelly, was under advisement by the court at the time he died on April 30, 1946, and that plaintiff filed his motion for substitution on July 23, 1946; and the order sustaining the motion and making substitution was entered on October 12, 1946. Thus the motion was filed and the order made within the year and this fully complies with Sec. 22 of the Civil Code, Laws Mo. 1943, p. 364, and is not in conflict with the Supreme Court decision above cited.

We think the executrix, Rhea Mertel Shelly, has waived the question of service of plaintiff's motion for substitution but, if not, the motion is still pending and *was filed within the year*, and that is sufficient, because Sec. 22, supra, does not require the *order* of substitution *to be made within the year;* and the holding in the Wormington case, supra, does not so hold.

The motion for rehearing and the motion to transfer to the Supreme Court are overruled. All concur.

### APPEAL FROM JACKSON COUNTY CIRCUIT COURT

CAVE, P. J.—On April 20, 1945, plaintiff filed his first amended petition in two counts, alleging, in substance, in count one that he was a duly licensed practicing attorney; that on or about October 24, 1944, the defendant, Solon S. Shelly, employed plaintiff to institute a suit for divorce in behalf of Helen R. Anderson and against George N. Anderson, and agreed to pay plaintiff for his services the sum of $1000; that said suit was instituted on November 4, 1944, and was dismissed on January 13, 1945, because said Helen R. Anderson and her husband had resumed marital relations; that he demanded payment of $1000 from defendant, which defendant failed to pay. In count two plaintiff alleged that defendant, Solon S. Shelly, employed him to institute suit for divorce in behalf of Helen R. Anderson against George N. Anderson, which suit was filed on January 20, 1945, on which date the defendant agreed to pay plaintiff the sum of $1000; that plaintiff performed various services in connection with said divorce suit, but was discharged by Helen Anderson before the trial thereof; that he demanded payment of $1000 from defendant, which defendant failed to pay.

On May 4, 1945, defendant, Solon S. Shelly, filed answer in the form of a general denial on both counts of plaintiff's petition. On the same day the Clerk of the Assignment Division of the circuit court of Jackson County placed the case upon the *jury trial docket* and made out a white card therefor in accordance with Rule 14 of said circuit court. Subsequently the Assignment Clerk placed the case, by mistake, upon the trial docket of *equity and jury waived cases* which were to be tried by various divisions of the court, beginning June 25, 1945.

Notice of the placing of this case on the equity and jury waived docket was published in The Daily Record several times, beginning June 18, 1945, and in due course the case was assigned to Division 2 of the circuit court. On July 3, 1945, during the May term, the case was taken up by the court, without a jury, the plaintiff appearing in person and by his attorney, but defendant did not appear in person or by attorney. The plaintiff testified in support of his claim, and the court rendered judgment against the defendant on both counts for the total sum of $2000, the judgment reciting that plaintiff waived a jury *and that defendant, by failing to appear, was deemed to have waived a jury.* On October 19, 1945, during the September term, the defendant filed a motion in the nature of a writ of *coram nobis,* seeking to set aside the judgment upon the grounds, briefly stated, that (1) the defendant had not waived his right to trial by jury; (2) that the court proceeded unknowingly contrary to the rules of the court in hearing said suit and in rendering judgment therein; (3) that the defendant did not learn of the rendition of said judgment until September 28, 1945; and (4) that defendant had a meritorious defense to plaintiff's claim.

On November 24, 1945, evidence was heard in support of the motion. The testimony of Mr. Bush, Clerk of the Assignment Division of the circuit court, is to the effect that he first placed the case on the jury trial docket and afterwards, by mistake, included it is his docket of contested court and jury waived cases. He testified: ''I made a bad guess on this. I thought it would be a court case, and it wasn't. * * * The trouble was, I thought it would be a jury-waived case on account of being a suit on an account, and I shouldn't have put it in there because I am not entitled to make any cases jury-waived. * * * It was a mistake on my part, of putting that card in with the contested court and jury-waived cases.'' That under Rule 14 of the Jackson County circuit court it was his duty to list cases at issue and to place them on the respective dockets (jury and non-jury cases) whether requested by counsel or not; that in this case counsel for neither party ever filed anything indicating whether it was a jury waived case or not, and no notice was given to any attorney in the case, except the notice published in The Daily Record. It was agreed that The Daily Record was the official publication of the circuit court of Jackson County.

Ben G. Clark, attorney for the defendant, testified that he had no equity or *jury waived cases* pending in the circuit court, and after the trial of jury cases was discontinued in June, 1945, he paid no attention to the setting or trial of such cases and had no knowledge of the trial or rendition of the judgment herein until September 28, 1945, when he undertook to file a motion in the case and was informed by the Clerk of Division 2 that the case had been tried and

judgment entered on July 3, 1945. He promptly filed the motion now under consideration.

On April 30, 1946, while defendant's motion was under advisement by the court, the defendant, Solon S. Shelly, died, and on July 23 plaintiff filed a motion for substitution, asking that Rhea Mertel Shelly, executrix of the estate of Solon S. Shelly, be substituted as defendant. The motion was sustained on October 12, 1946. On February 15, 1947, the court overruled defendant's motion to set aside the judgment, and appeal was perfected to this court by the executrix.

Section 91 of the Civil Code, Laws of 1943, p. 382, provides that as soon as possible after issue is joined in a case pending in the Circuit Court the Clerk shall place the same upon the trial docket, and such cases "shall be set for trial *in accordance with the rules and practice of the trial court * * *.*" The rules of the Circuit Court of Jackson County provide for a "General Docket" which shall include all cases filed in that court, except certain matters which are not herein involved (Rule 9). Rule 14 provides that in addition to the "General Docket" there is established a "Jury Trial Docket", an "Equity and Jury Waived Docket", a "Hold Docket", a "Pre-Trial Conference Docket", and "Immediate Trial List" for all cases pending after issue has been closed. The rule also requires, that within 10 days after the pleadings have been closed, the Clerk of the Assignment Division, under the direction of the presiding judge, shall place all jury trial cases upon the "Jury Trial Docket", and all equity and jury waived cases upon the "Equity and Jury Waived Docket."

This case was properly placed on the "Jury Trial Docket" May 4, 1945, and assigned to Division 2 June 14, but through the mistake of the Assignment Clerk, as above indicated, the case had been placed upon the "Equity and Jury Waived Docket" and tried by the Judge of Division 2 on the assumption that a jury had been waived, which was incorrect.

Is this such a mistake or error as can be and should be corrected by a motion in the nature of a writ of error *coram nobis*? We think so. Such writ contemplates an assault upon an error of fact *de hors* the record. All the cases hold to the effect that the "irregularities" or "errors of fact" must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accordance with established rules of procedure. Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 1180, 111 S. W. (2d) 103; State ex rel. Muth et al. v. Buzard, 205 S. W. (2d) 538, 541, (Court en banc); Simms v. Thompson, 291 Mo. 493.

In Kings Lake Drainage Dist. v. Winkelmeyer, 62 S. W. (2d) 1101, the court collects an array of Missouri authorities and defines the purpose of the writ so clearly that we quote it (1103):

"The writ may not be used as a substitute for a motion for a new trial. The latent fact unknown to the court authorizing the writ may consist in some matter of process or misprision or fault of the clerk. In other words, as we understand the authorities, the writ lies not for some unknown fact going to the merits of the cause, but for some unknown fact going to the right of the court to proceed, and which entirely defeats the power of the court to attain a valid result in the proceeding."

The present case was mistakenly and improperly placed on the "Jury Waived Docket" and was erroneously assigned to Division 2 for trial as a jury waived case. We think this was an *irregularity* and an *error of fact* which would prevent, if such had been known, the entry of the judgment herein. It follows that the motion filed was the proper procedure to attack the validity of such judgment.

But respondent argues that appellant failed to carry the burden of proof to show that error was committed against her materially affecting her substantial rights. It is true that the burden of proof rests on movant to show prejudicial error (Hellums v. Randol, 225 Mo. App. 1092; Martin v. Bulgin, 111 S. W. (2d) 963), but we think movant met that burden of proof. It was alleged that the defendant had a meritorious defense and had been denied a right of trial by jury, and that judgment for $2000 had been rendered against defendant because of error and mistake of procedure in the assignment of the case for trial. It would be difficult to conceive of a greater prejudicial error.

It is also argued by respondent that the writ of error *coram nobis* is a discretionary writ, and that the record in this case does not show that the trial court abused its judicial discretion. We think there is no merit in this contention. Under the facts in this case, the judgment should not be permitted to stand.

Appellant makes suggestion in her brief that the proceedings on the writ of error *coram nobis* was not properly revived in her name after the death of the defendant, Solon S. Shelly, for the reason she was not properly notified of the filing of such motion. The record discloses that the same attorney who had represented Solon S. Shelly during the proceedings appeared at the hearing on the motion for substitution and raised no question of the sufficiency of the service of notice and, after the order of substitution had been entered, he filed a brief on behalf of the executrix in support of the writ of error *coram nobis* and perfected the appeal in her name without, at any time, questioning the sufficiency of the service. We think there is no merit in this contention of appellant.

It is our conclusion that the court erred in not sustaining appellant's motion to set aside the judgment which had been improperly and erroneously entered. The judgment appealed from will be reversed and the cause remanded with directions to the trial court to sustain the motion and to reinstate said cause on the docket. All concur.