SCHELL v. EIDSON, Warden.

No. 14742.

United States Court of Appeals
Eighth Circuit.

May 7, 1953.

Writ of Certiorari Denied June 15, 1953.

See 73 S.Ct. 1147.

Clarence Schell per se.

John M. Dalton, Atty. Gen., and Samuel M. Watson, Asst. Atty. Gen. of Mo., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from an order of the District Court for the Western District of Missouri denying appellant's application for a writ of habeas corpus. In his application he alleged that in February, 1928, in the Circuit Court of Jackson County, Missouri, he was brought to trial on 5 charges of first degree robbery; that he was 20 or 21 years of age and illiterate; that he was tried, convicted and sentenced to 10 years on each charge, each sentence to run consecutively;

that counsel was not appointed to assist him in the defense of the charges and he was denied due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States. He also alleged that he had exhausted the remedies available to him in the state courts and in the Supreme Court of the United States setting out in his application the various proceedings looking to his release on habeas corpus that had been taken by him. The trial court on consideration of his application which disclosed the various proceedings had and taken in prior habeas corpus applications required petitioner to file a record of proceedings had in the Supreme Court of the State of Missouri in his application to that court for a writ of habeas corpus. Referring to these prior proceedings the trial court among other things said:

"From an examination thereof (record of the proceedings had in the Supreme Court of Missouri), it conclusively appears that the identical grounds relied upon in this Court for the issuance of a writ of habeas corpus were presented to and denied by the Supreme Court of the State of Missouri. The basis of the instant petition for writ of habeas corpus is that petitioner was not afforded right to counsel prior to entering a plea of guilty to five (5) informations filed against petitioner, charging him with robbery in the first degree, in the Circuit Court of Jackson County, Missouri, before petitioner was required to plead thereto. The certified copy of the judgment of the Supreme Court of Missouri, in the habeas corpus proceeding filed by petitioner in that Court, shows that after proof was adduced at a hearing held on said application the Court found 'that the petitioner, prior to the time he entered his plea of guilty to the felonies of which he stood charged in January, 1928, in the Circuit Court of Jackson County, was advised of his rights to counsel, and intelligently waived counsel.' Thus, it is apparent that petitioner herein has had the legality of his present confinement in the Missouri State Penitentiary tested in the Courts of the State of Missouri, and by the Supreme Court of the United States, upon the identical constitutional question he attempts to raise by the instant petition for

writ of habeas corpus, and that his right to release from such custody on said grounds has been denied and finally adjudicated by said courts."

■ An examination of the transcript before us attests the correctness of the foregoing statement by the trial court. Of course, the denial of certiorari by the Supreme Court can not be accepted as an adjudication by that court nor be given any legal significance when an application for a writ of habeas corpus in that case comes before a Federal district court. As said by Mr. Justice Frankfurter in an opinion stating the position of a majority of the court on the effect of a denial of certiorari in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 437, 441 infra:

"The reasons why our denial of certiorari in the ordinary run of cases can be any number of things other than a decision on the merits are only multiplied by the circumstances of this class of petitions. And so we conclude that in habeas corpus cases, as in others, denial of certiorari cannot be interpreted as an 'expression of opinion on the merits.'"

Not only did the appellant make application for writ of habeas corpus to the Supreme Court of Missouri as noted by the trial court, but he also made numerous other applications which are as follows: On February 18, 1950, he filed an application for a writ of habeas corpus in the Circuit Court of Cole County, Missouri; on September 23, 1950, he filed an application for a writ of habeas corpus in the Supreme Court of Missouri; on January 5, 1951, he filed an application for a writ of habeas corpus in the Supreme Court of Missouri; on July 11, 1951, he filed an application for a writ of habeas corpus in the Supreme Court of Missouri; and on October 27, 1951, he filed a petition for a writ of certiorari in the Supreme Court of the United States. All of the foregoing applications were denied. In this condition of the record we think the court followed the approved procedure in denying appellant's application. In Brown v. Allen, supra, [344 U.S. 443, 73 S.Ct. 410], Mr. Justice Reed in a very illuminating opinion points out the procedure to be followed by Federal district courts in cases wherein writs of habeas corpus are sought for the purpose of freeing a prisoner from custody pursuant to state court proceedings:

"Furthermore, in enacting 28 U.S.C., § 2254, 28 U.S.C.A. § 2254, dealing with persons in custody under state judgments, Congress made no reference to the power of a federal district court over federal habeas corpus for claimed wrongs previously passed upon by state courts. See discussion [344 U.S. at page 447] 73 S.Ct. 402, supra. A federal judge on a habeas corpus application is required to 'summarily hear and determine the facts, and dispose of the matter as law and justice require', 28 U.S.C. § 2243, 28 U.S.C.A. § 2243. This has long been the law. R.S. § 761, old 28 U.S.C. § 461. It was under this general rule that this Court approved in Salinger v. Loisel, 265 U.S. 224, 231, 44 S.Ct. 519, 521, 68 L.Ed. 989, the procedure that a federal judge might refuse a writ where application for one had been made to and refused by another federal judge and the second judge is of the opinion that in the light of the record a satisfactory conclusion has been reached. That principle is also applicable to state prisoners. Darr v. Burford, supra, 339 U.S. [200] at pages 214–215, 70 S.Ct. [587] at pages 595–596, 94 L.Ed. 761.

"Applications to district courts on grounds determined adversely to the applicant by state courts should follow the same principle—a refusal of the writ without more, if the court is satisfied, by the record, that the state process has given fair consideration to the issues and the offered evidence, and has resulted in a satisfactory conclusion. Where the record of the application affords an adequate opportunity to weigh the sufficiency of the allegations and the evidence, and no unusual circumstances calling for a hearing are presented, a repetition of the trial is not required. See [344 U.S. at page 457] 73 S.Ct. [at page] 407, supra. However, a trial may be had in the discretion of the federal court or judge hearing the new application. A way is left open to redress violations of the Constitution. See [344 U.S. at page 447] 73 S.Ct. 402, supra. Moore v. Dempsey, 261 U.S.

86, 43 S.Ct. 265, 67 L.Ed. 543.. Although they have the power, it is not necessary for federal courts to hold hearings on the merits, facts or law a second time when satisfied that federal constitutional rights have been protected. It is necessary to exercise jurisdiction to the extent of determining by examination of the record whether or not a hearing would serve the ends of justice. Cf. 28 U.S.C. § 2244, 28 U.S.C.A. § 2244. See note 15, supra. As the state and federal courts have the same responsibilities to protect persons from violation of their constitutional rights, we conclude that a federal district court may decline, without a rehearing of the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined, on the facts presented, by the highest state court with jurisdiction, whether through affirmance of the judgment on appeal or denial of post-conviction remedies. See White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 980, 89 L.Ed. 1348.

"As will presently appear, this case involves no extraordinary situation. Since the complete record was before the District Court, there was no need for rehearing or taking of further evidence: Treating the State's response to the application as a motion to dismiss, the court properly granted that motion. Discharge from conviction through habeas corpus is not an act of judicial clemency but a protection against illegal custody.

"The need for argument is a matter of judicial discretion. All issues were adequately presented. There was no abuse."

■ It affirmatively appears from the record that appellant applied to the Supreme Court of Missouri for a writ of habeas corpus on precisely the same grounds as he presented to the trial court in the instant proceeding. It also appears that he was given a hearing, that testimony was adduced before that court and the application was denied. The opinion in Brown v. Allen, supra, is controlling authority in support of the action of the trial court. The order appealed from is therefore affirmed.