### SMITH v. UNITED STATES.
### No. 12153.

United States Court of Appeals
Sixth Circuit.
June 18, 1954.

Joseph C. Smith, pro se.

George Woods, Asst. U. S. Atty., Detroit, Mich., Fred W. Kaess, Detroit, Mich., on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

Appellant pleaded guilty to violation of the Dyer Act, 18 U.S.C.A. § 2311 et seq., and was sentenced by the District Court to a term of imprisonment. Four and one-half months later, appellant filed a motion to vacate and set aside the sentence and judgment, which was denied by the District Court. Two months thereafter, appellant filed a motion to withdraw his plea of guilty under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. and it is from the denial of that motion that this appeal is prosecuted.

The record shows that when appellant first appeared before the District Court, he was advised that he was entitled to a jury trial in Colorado, the district from which the original process had issued, but that he signed a waiver of trial and consent to disposition under Rule 20 of the Federal Rules of Criminal Procedure, stating in open court that he wanted to plead guilty in the Eastern District of Michigan instead. He was represented by counsel, who advised the court that

the defendant was pleading guilty of his own free will, and that she had advised him of his rights.

Appellant was also represented by counsel at his subsequent arraignment and sentence. The court again advised appellant of his right to return to Colorado where he would be entitled to trial by jury and counsel to assist in his defense. Although insisting that he preferred that the matter be disposed of in the Eastern District of Michigan, appellant did suggest that he had "vaguely" been forced to plead guilty by FBI agents, and that "by innuendo" he was "taking this case this way."

Upon this suggestion of coercion, the court stated that the plea of guilty could not be accepted, and that the appellant would be returned to Colorado for trial.

It was only after appellant had again insisted that he wanted to plead guilty and have his case disposed of in the Eastern District of Michigan, after appellant was given a full opportunity to consult with counsel, and after a searching and careful inquiry by the trial court, during which appellant explicitly stated that his plea of guilty was freely and voluntarily given, that the guilty plea was finally accepted.

■ We have examined the record with great care because appellant was not represented by counsel on this appeal. We are convinced that appellant's plea of guilty was a voluntary one, and that the District Court took particular pains to so ascertain, before the plea was accepted.

■■ Appellant's contention that the District Court in denying the motion was obligated to make findings of fact and conclusions of law is without merit. The motion was addressed to the trial court's discretion. Smith v. United States, 6 Cir., 1950, 180 F.2d 851; Katz v. United States, 6 Cir., 1947, 161 F.2d 869, certiorari denied, 332 U.S. 846, 68 S.Ct. 350, 92 L.Ed. 417. Even if this appeal should be treated as one from appellant's prior motion to vacate and set aside the sentence under 28 U.S.C.A., § 2255, findings of fact and conclusions of law would not be required, where the files and records of the case conclusively showed that the appellant was entitled to no relief. Morales v. United States, 1 Cir., 1951, 187 F.2d 518; United States v. Fleenor, 7 Cir., 1949, 177 F.2d 482. Compare Howard v. United States, 6 Cir., 1951, 186 F.2d 778; Michener v. United States, 8 Cir., 1949, 177 F.2d 422.

It is therefore ordered that the judgment of the District Court be and it is hereby affirmed.