STATE of Missouri, Respondent,

v.

Ralph Joseph CERNY, Appellant.

No. 44722.

Supreme Court of Missouri.

Division No. 2.

Feb. 13, 1956.

Charles M. Shaw, Clayton, for appellant.

John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Ralph Cerny appeals from an order, deemed a final judgment, overruling his motion to vacate or correct a judgment imposing a sentence of fifteen years imprisonment for burglary and larceny. 42 V.A.M.S. Supreme Court Rules 27.26, 28.-03, 28.05. Our review is de novo. Rule 28.05. His conviction was affirmed in State v. Cerny, Mo., 248 S.W.2d 844.

The material portion of appellant's motion reads:

### "Petition for Writ of Error Coram Nobis.

"Comes now the petitioner, Ralph J. Cerny, and respectfully prays this Honorable Court to sustain this petition for Writ of Error Coram Nobis, in the above entitled cause for the reason that new evidence, unknown to this Court, to the Prosecuting Attorney, to the petitioner and his attorney, has been discovered and obtained; said new evidence was not available at the time petitioner appeared before this Court for trial.

"Petitioner respectfully contends that said new evidence warrants that the judgment to be set aside and the sentence imposed thereunder be vacated. Petitioner will show that a gross miscarriage of justice had resulted in his conviction, and that the new evidence, pertinent to his cause, and indisputable and irrefutable, if it had all been known and available at the time petitioner was put on trial, a different and favorable verdict would have been rendered by the jury which heard petitioner's case."

The above paragraphs are followed by a statement of appellant's conviction and sentence and, under a heading "Authorities," certain statements followed by citations; the statement that affidavits were attached to and made a part of the petition, and movant's signature and affidavit. The "affidavits" attached to the motion are typewritten statements, in the form of questions and answers to the effect that James Lynch and another committed the offense, but these "affidavits" are not signed and are not sworn to.

Supreme Court Rule 27.26, 42 V.A.M.S. p. 120, so far as material, reads (emphasis ours): "A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution. and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law *or is otherwise subject to collateral attack*, may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same. Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction or that the sentence imposed was illegal *or otherwise subject to collateral attack*, or that there was such a denial or infringement of the constitutional rights of the prisoner *as to render the judgment subject to collateral attack*, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. * * *"

The above quoted portion of Rule 27.26 is in substance the same as similar provisions of 28 U.S.C.A. § 2255, relating to

judgments of the Federal courts. State v. Eaton, Mo., 280 S.W.2d 63, 65. Like principles are applicable to each.

The purpose of said § 2255 was to minimize the defects encountered in habeas corpus proceedings instituted in the district court of the prisoner's confinement by providing a remedy for determining the legality of the detention in the court imposing the sentence where the issues could be presented more conveniently and expeditiously for determination. United States v. Hayman, 342 U.S. 205, 213, 219, 72 S.Ct. 263, 96 L.Ed. 232.

The remedy covers, broadly, situations where the sentence is "open to collateral attack," affording relief within the specified grounds equivalent to that accorded in a habeas corpus proceeding. United States v. Hayman, supra, 342 U.S. 205, 216–219, 72 S.Ct. 263, 96 L.Ed. 232. See generally, 4 Barron, Federal Practice and Procedure, § 2306; Annotation, 20 A.L.R.2d 976.

Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45, 46, states: "That section [2255] requires that a sentence be vacated when the court finds 'that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack'. As the Fourth Circuit has said—'Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have

been made in its absence by habeas corpus.' Taylor v. United States, 4 Cir., 1949, 177 F.2d 194, 195." See, among others, Sanders v. United States, 5 Cir., 205 F.2d 399, 400 [1]; Pelley v. United States, 7 Cir., 214 F.2d 597, 598, certiorari denied 348 U.S. 915, 75 S.Ct. 296, 99 L.Ed. 718; United States v. Jonikas, 7 Cir., 197 F.2d 675, 676, certiorari denied 344 U.S. 877, 73 S.Ct. 171, 97 L.Ed. 679; Crow v. United States, 9 Cir., 186 F.2d 704, 706; Barnes v. Hunter, 10 Cir., 188 F.2d 86, 88, certiorari denied 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688; Kreuter v. United States, 10 Cir., 201 F.2d 33, 35.

Rule 27.26 affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceeding. The attack is governed by the general principles applicable to habeas corpus proceedings within the grounds specified in Rule 27.26, which lie only where the sentence is void or otherwise subject to collateral attack. Barnes v. Hunter, supra; Bloombaum v. United States, 4 Cir., 211 F.2d 944 [1–3]; United States v. Walker, D.C., 132 F.Supp. 432, 436 [4–7]; United States v. Kaplan, D.C., 101 F.Supp. 7 [1, 2]; State v. Freedman, Mo., 282 S.W.2d 576, 580 [1]; State ex rel. Walker v. Dobson, 135 Mo. 1, 12, 36 S.W. 238, 240; State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268, 275 [7].

█ Habeas corpus proceedings are, in nature, civil rather than criminal proceedings, State ex rel. Board of Education of St. Louis v. Nast, 209 Mo. 708, 731, 108 S.W. 563, 569; 39 C.J.S., Habeas Corpus, § 1, p. 426; 25 Am.Jur. 151, § 12, as are writs of error coram nobis, 24 C.J.S., Criminal Law, § 1606, p. 143; 31 Am.Jur. 322, § 799. A writ of habeas corpus, while a writ of right, is not a writ of course and properly issues only upon a showing of probable cause. Ex parte Tuvell, 301 Mo. 251, 256 S.W. 463 [1]; State ex rel. White v. Swink, 241 Mo.App. 1048, 256 S.W.2d 825, 832 [12, 13]; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 514 [10], 20 A.L.R.2d

965. As to writs of error coram nobis, see State v. Wallace, 209 Mo. 358, 365, 108 S.W. 542, 543.

Appellant's motion failed to state any fact and the evidence adduced failed to establish any ground upon which the court could grant the relief prayed.

■ The facts essential to establish the illegality involved in the alleged ground for relief must be stated in the motion that the court in the words of Rule 27.26, may determine from an examination of "the motion and the files and records of the case" if notice should be served on the prosecuting attorney and a hearing granted on the motion. A motion stating mere conclusions is insufficient. Ex parte Tuvell, supra; Tucker v. Kaiser, Mo., 176 S.W.2d 622, 623 [2]; Staee ex rel. Walker v. Dobson, 135 Mo. 1, 7 et seq., 36 S.W. 238, 239; United States v. Sturm, 7 Cir., 180 F.2d 413 [2], certiorari denied 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388; United States v. Fleenor, 7 Cir., 177 F.2d 482 [4]; Walker v. United States, 7 Cir., 218 F.2d 80, 81 [5, 6]; Yodock v. United States, D.C., 97 F.Supp. 307 [10].

■ Groundless motions may be summarily disposed of, and trial courts may enter findings and conclusions of law to that effect. Consult Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45, 48, citing cases.

■ The gist of the appellant's motion is that "new evidence" has been discovered. No allegation of the facts to be established by the new evidence are to be found in the motion and the statements therein to the effect that the new evidence would warrant setting aside the judgment and vacating the sentence et cetera are mere conclusions and fail to state facts for the granting of a "hearing on the motion." A hearing is not required when all issues are of law and can be determined by the record. Smith v. United States, 6 Cir., 213 F.2d 730 [3]; Pettway v. United States, 6 Cir., 216 F.2d 106 [5].

■ Briefly of the insufficiency of the showing on the motion. Cerny was tried and convicted in October, 1949. The principal fact Cerny sought to establish at the hearing on the motion was that one James Lynch admitted he had committed the crime for which Cerny had been tried and convicted. We assume he had some competent evidence to that effect. Cerny first had this information in February, 1951, when Lynch stated to Cerny and others, while both were confined in the penitentiary, that he, Lynch, and one Timberman were the perpetrators of said crime. After being so informed, Cerny, who had not appealed his conviction, sued out a writ of error, and, upon application, was released from the penitentiary on bond May 28, 1951. Cerny's conviction was affirmed on May 12, 1952, and he was returned to the penitentiary May 14, 1952. (The state established Cerny's guilt on the original trial and the sufficiency of the evidence was not questioned by Cerny. 248 S.W.2d loc. cit. 845.) Although Lynch made his statement to Cerny in February, 1951, Cerny did not file the instant motion until October 31, 1953, more than three years (see Section 541.200 RSMo 1949, V.A.M.S.) after the offense of December 4, 1948. Cerny was represented by the same attorney at the trial in October, 1949, in the review of that trial in this court, and at the hearing on the instant motion. Cerny testified he talked to his attorney two or three times about the instant proceeding during his release from the penitentiary on bond. He also sought to show that the merchandise taken (cigarettes) were of different brands than testified to at his trial.

The ruling in Figueroa v. Saldana, 1 Cir., 23 F.2d 327, 328, certiorari denied 277 U.S. 574, 590, 48 S.Ct. 530, 72 L.Ed. 995, is applicable here: "It is not now contended that any error was committed in the trial of his case in the courts of Porto Rico, or that he was convicted without the due process guaranteed by the Constitution of the United States. The sole ground upon which the petition for the writ of habeas corpus is based is the alleged confession by another party that he committed the crime for

which the appellant is serving a sentence made after the petitioner had entered upon his term of imprisonment. This might be urged as the proper subject for executive clemency, but it affords no basis for judicial action." See also Hauck v. Hiatt, 3 Cir., 141 F.2d 812 [2]; McGuire v. Hunter, 10 Cir., 138 F.2d 379, 381 [7]; Id., 988 U.S. 710, 64 S.Ct. 1053, 88 L.Ed. 1553; United States v. Kaplan, D.C., 101 F.Supp. 7, 12 [5]; Sharpe v. Commonwealth, 284 Ky. 88, 143 S.W.2d 857, 858 [2]; Powers v. State, 168 Miss. 541, 151 So. 730, 732 [3–5]; People v. Vernon, 9 Cal.App.2d 138, 49 P.2d 326, 329 [6].

In State v. Sadowski, Mo., 256 S.W. 753, 756 [14, 15], we held a confession by another that he and not defendant had committed the offense was not for consideration upon appeal unless properly preserved for judicial review in a motion for new trial and that such newly discovered evidence should be presented for executive clemency.

Neither habeas corpus, McKean v. Kemp, 338 Mo. 597, 92 S.W.2d 141 [1]; State ex rel. Walker v. Dobson, 135 Mo. 1, 12, 36 S.W. 238, 241, nor a writ of error coram nobis, State v. Stanley, 225 Mo. 525, 532, 533, 125 S.W. 475, 477; Schoenhals v. Pahler, Mo., 257 S.W.2d 662, 664 [1, 2]; Kings Lake Drainage Dist. v. Winkelmeyer, 228 Mo.App. 1102, 62 S.W.2d 1101, 1103 [1–5]; Griggs v. Venerable Sister Mary Help of Christians, Mo.App., 238 S.W.2d 8, 16 [15–17]; 2 Wagner v. Shelly, 240 Mo. App. 550, 210 S.W.2d 394, 397 [2, 3], may be used as a substitute for a motion for new trial on the ground of newly discovered evidence of petitioner's innocence.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.