**STATE of Missouri, Respondent,**

v.

**Charles SICKLER, Appellant.**

No. 45548.

Supreme Court of Missouri.

Division No. 1.

Oct. 8, 1956.

No appearance for appellant.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

This is a proceeding to vacate a judgment of conviction. In April, 1946, Charles Sickler was convicted in the Jackson County Circuit Court on a charge of murder in the first degree committed during the perpetration of a robbery. Three other men were also charged with the same offense. They were Clinton Brown, Leroy D. Crist, and Dudley Knudson. (These three are sometimes referred to as Clifton Brown, Charles Leroy Crist, and Dudley Knudsen.) A severance was granted and at a trial a jury found Sickler guilty and assessed his punishment at death. A motion for a new trial was filed but this motion was withdrawn and the trial court commuted the punishment to life imprisonment. Sickler was thereafter taken to the Missouri State Penitentiary to serve the sentence imposed on him.

The present proceeding in the form of a motion was commenced by Sickler in the Circuit Court of Jackson County, Missouri. In this motion it was alleged that one of the defendants, Brown, was sentenced to life imprisonment but the conviction was reversed by this court. See State v. Brown, 356 Mo. 1037, 204 S.W.2d 729. It was also stated in the motion that Crist was acquitted by a jury. Although not stated in the motion, it is shown by the record that Knud-

son, on a plea of guilty, was sentenced to life imprisonment. Sickler alleged in the motion that his imprisonment is in violation of the Missouri Constitution and the United States Constitution. The complaints are stated as follows:

"(A,)—He was not advised of his Constitutional right not to make any statement which might tend to incriminate him.

"(B,)—He was not, at any time after his arrest, given the opportunity to consult with his friends or family, thereby procure advice, funds or outside assistance, although he requested the same.

"(C,)—He was not financially able to employ counsel to represent him; nevertheless he was not advised that counsel would be appointed for him by the Court.

"(D,)—The co-defendants, Clifton Brown and Leroy Dean Crist, having been charged with the same acts and crime as charged against this defendant, were exhonerated and discharged.

"(E,)—Life sentence of Clifton Brown was reversed by the Supreme Court of Missouri and Leroy Dean Crist was acquitted by a jury.

"(F,)—The punishment imposed upon the defendant, life imprisonment, is cruel, unusual, and excessive, considering the known material facts."

The trial court appointed an attorney to represent Sickler in this proceeding. Thereafter, a hearing was had and the court dismissed the motion to vacate judgment. Sickler was granted permission to appeal as a poor person.

Sickler's motion is based on Supreme Court Rule 27.26, 42 V.A.M.S., and it was so stated in the motion as follows: "Because of the denial and infringement of his Constitutional rights, as set out above, the sentence placed upon this defendant is unlawful and subject to collateral attack, which may be done under the provisions of Supreme Court Rule 27.26." The remedy afforded by this rule was fully reviewed by this court in the case of State v. Cerny, Mo., 286 S.W.2d 804. It was there, loc. cit. 806, pointed out that the rule "affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceeding. The attack is governed by the general principles applicable to habeas corpus proceedings within the grounds specified in Rule 27.26, which lie only where the sentence is void or otherwise subject to collateral attack." Matters of error that do not affect the validity of the judgment must be preserved in a motion for a new trial and cannot be reviewed in a proceeding under Rule 27.26. State v. Cerny, supra, loc. cit. 808 (9, 10).

■ We shall now dispose of the complaints stated in the motion. In (A), it is stated that Sickler was not advised of his constitutional right not to make any statement which might tend to incriminate him. It is not alleged that Sickler made any incriminating statements nor that any such statement, if made, was used against him. Furthermore, if any such statement was illegally used as evidence in the trial of the case, the error should have been preserved in a motion for new trial. There is no merit in this point.

In (B) and (C) of the motion, Sickler stated that he was not given opportunity to consult with friends or family in order to procure advice, funds, or assistance; that he was not able to employ counsel and not advised that counsel would be appointed. As to these complaints, we need only to say that it was shown at the hearing that Sickler was represented by two lawyers. One of the lawyers was of his own choosing and the other was appointed by the court. It was further shown that Sickler was tried by a jury; that his lawyers filed a motion for a new trial. It was after the filing of this motion that the trial court commuted the death sentence, assessed by the jury, to life imprisonment. It is evident that the com-

plaints (B) and (C) have no foundation in fact.

In (D) and (E) of the motion, Sickler stated that two of his co-defendants were acquitted of the charge. The fact that these two co-defendants were acquitted is immaterial in this proceeding and is no proof that defendant Sickler was not guilty. The case of State v. Brown, supra, may disclose the reason for Brown's discharge. Note what was there said concerning the evidence in that case, 204 S.W.2d loc. cit. 730: "Charles Leroy Crist, Charles Sickler, Dudley Knudsen, and Clinton Brown, appellant here, were charged with the murder. Crist, Sickler, and Knudsen were present and participated in the attempted robbery, but appellant was not present. He was tried on the theory tha+ he and the others had entered into a conspiracy to rob the liquor store. Patito resisted; shot Knudsen who fell a short distance south of the store; wounded Sickler, but he escaped from the scene."

It may be of interest to note the fate that befell Crist as revealed by the record in this case. Therein the court, in reviewing the cases, made the following statement: "My recollection is that Crist was the man who went behind the counter and actually shot this man. I did not participate in that (meaning the trial) but some few months after acquittal Crist was found out on a dump somewhere, dead."

The facts stated in points (D) and (E) do not justify setting aside the conviction of Sickler. Again, there is no merit in complaint (F) wherein it is stated that the punishment of life imprisonment is cruel, unusual, and excessive. Life imprisonment is the minimum punishment provided by statute for the crime of murder in the first degree. The death penalty assessed by the jury was within the law. Sickler has no ground for complaint.

An examination of this record has convinced us that the trial court's order dismissing the motion should be and is hereby affirmed.

All concur.