STATE of Missouri, Respondent,

v.

Clarence SHELL, Appellant.

No. 45570.

Supreme Court of Missouri,
Division No. 1.

Feb. 11, 1957.

Rehearing Denied March 11, 1957.

No attorney for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant, Clarence Shell (Schell), on February 11, 1928, in the Circuit Court of Jackson County, Missouri, entered a plea of guilty to each of five separate charges of robbery in the first degree, and was sentenced to 10 years' imprisonment in the penitentiary on each charge, it being provided that the sentences run consecutively. On February 17, 1956, defendant filed in said court a motion to vacate and correct the judgments rendered in the foregoing cases under the provisions of Supreme Court Rule 27.26, 42 V.A.M.S. Thereafter, the prosecuting attorney of Jackson County filed a motion to dismiss the defendant's said motion, which was sustained by the trial court and the motion was accordingly dismissed. Defendant has filed a notice of appeal and the matter is therefore before us for de novo review. Supreme Court Rules 28.03 and 28.05.

The defendant's motion does not appear to have been prepared by an attorney. However, we construe it (as did the trial court) as alleging "a total lack of counsel" and that defendant was illiterate at the time of said sentences and in ignorance of the law as to his right to obtain counsel without cost to himself. He further claims that he was not informed as to his right to counsel and a trial by jury and has been denied his right to trial by jury for 28 years in direct violation of his constitutional rights. It is also stated that defendant pleaded guilty to one charge only. He seeks, under S.C.Rule 27.25, permission to withdraw his "plea" of guilty.

█ We recently stated that "Rule 27.26 affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the orginal proceeding. The attack is governed by the general principles applicable to habeas corpus proceedings within the grounds specified in Rule 27.26, which lie only where the sentence is void or otherwise subject to collateral attack." State v. Cerny, Mo.Sup., 286 S.W.2d 804, 806. The motion to dismiss alleged that (1) defendant's motion did not allege any ground upon which relief could be granted under S.C.Rule 27.26; (2) the same issues have been finally determined in various habeas corpus proceedings previously instituted by defendant Shell in the Supreme Court of Missouri and in other state and federal courts, and (3) the allegations in said motion are conclusions and do not allege facts which would authorize relief under Rule 27.26.

█ Supreme Court Rule 27.26 provides, in part, that "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The transcript filed herein appears to fully incorporate the contents of the "files and records" in each of the five cases under consideration. The trial court, in its order of dismissal, indicated its view that the files and records disclosed that defendant was not entitled to the relief sought and hence followed our case of State v. Cerny, supra, 286 S.W.2d 804, 807, which states that "Groundless motions may be summarily disposed of, and trial courts may enter findings and conclusions of law to that effect."

█ In his brief filed in this court defendant advances the contention that the trial court had no legal right to sentence him to five terms of ten years each, the sentences to run consecutively. No authorities are cited in support of this assertion. We find no merit in this contention. It has long been established that the court may, in its discretion, under circumstances such as existed in the cases under consideration, impose either cumulative or concurrent sentences. The only requirement is that the judgments should clearly reveal the intent of the court in that respect. Anthony v. Kaiser, 350 Mo. 748, 169 S.W.2d 47. It was explicitly provided in the five judgments under review that the sentences were cumulative and that they were to be served consecutively.

██ As heretofore indicated, defendant has alleged that he entered a plea of guilty in only one of the five cases. We have carefully examined the transcript and find that each of the judgments under review recite, "and said defendant being arraigned before the Court for plea says he is guilty as charged herein * * *." No other provision, contrary thereto, appears in the record. These judgments are impervious to collateral attack and hence the defendant could not impeach the foregoing recitals by extraneous evidence. Young v. Parker, 355 Mo. 245, 195 S.W.2d 743. It follows that no relief could have been afforded the defendant under the allegation that he did not enter a plea of guilty in each case.

The remaining point relates to the defandant's contention that he had no counsel and was ignorant of his right to have counsel appointed. In this connection it should be noted that each of the judgments recite that "the Court affords said defendant the opportunity to consult with attorney and friends and the defendant voluntarily waives his right thereto * * *." However, irrespective of that recital, and decisive of the issue, is the fact that defendant has heretofore had a hearing and determination of that issue by this court and it would seem apparent that he was not entitled to have another determination of the same issue in the circuit court. In the habeas corpus proceedings of Clarence Schell v. Ralph N. Eidson, Warden, No. 42445, the petitioner (among other grounds) alleged, "He had no counsel, he was not offered counsel nor advised of his right to have counsel appointed for him, he was wholly ignorant of courtroom procedure." The matter was duly heard by this court and on February 20, 1951, the court entered the following judgment: "And now the court finds that the petitioner, prior to the time he entered his plea of guilty to the felonies of which he stood charged in January 1928, in the Circuit Court of Jackson County, was advised of his right to counsel and intelligently waived counsel. It is therefore considered and adjudged by the court that the writ of habeas corpus heretofore issued herein be and the same is hereby quashed and it is further ordered that the said petitioner be and is hereby remanded to the custody of the respondent warden." A certified copy of that judgment appears to have been filed in the circuit court and was considered by the trial judge. See also, Schell v. Eidson, 8 Cir., 203 F.2d 902.

Since it is apparent from an examination of defendant's motion and the files and records of the cases under review, together with our own record in Case No. 42445, that the defendant is entitled to no relief, it follows that the trial court properly

dismissed the motion. State v. Sickler, Mo. Sup., 293 S.W.2d 957.

The judgment is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.