**ERRINGTON v. HUDSPETH, Warden.**

**No. 1994.**

Circuit Court of Appeals, Tenth Circuit.

March 12, 1940.

Writ of Certiorari Denied May 27, 1940.

See 60 S.Ct. 1087, 84 L.Ed. ——.

---

Lowell D. Hunt, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus.

An indictment containing 45 counts was returned against Errington, the petitioner, in the District Court of the United States for the District of North Dakota, Southwestern Division.

Count one charged that the petitioner, on March 15, 1938, wilfully, unlawfully, knowingly, feloniously and with intent to defraud, falsely altered a genuine obligation of the United States, to-wit, a United States sixteen cent special delivery air-mail postage stamp by tinting and coloring it green with the intent and purpose to thereby create a fictitious value in said stamp over and above its true value.

The remaining 44 counts of the indictment are identical with count one except that they relate to different stamps.

Petitioner was arraigned and entered pleas of not guilty to the several counts of the indictment. Verdicts of guilty on each count were returned on November 19, 1938. At the trial, petitioner was represented by Scott Cameron, Esquire, an attorney at law at Bismarck, North Dakota. On November 19, 1938, at the request of the petitioner and his counsel, the trial judge deferred sentence to November 21, 1938. On the latter date, at the request of petitioner and his counsel, the sentence was deferred until November 25, 1938. On that date, petitioner appeared without his counsel before the court at Fargo, North Dakota. At the

court's suggestion and upon petitioner's request, sentence was deferred to November 26, 1938. On the latter date, petitioner again appeared without his counsel. The trial judge inquired of petitioner if his counsel was to be present. Petitioner replied that his counsel had had some car trouble en route from Bismarck to Fargo and that he would not be there. The trial judge then inquired if he desired to be represented by counsel at the imposition of sentence. Petitioner replied that he did not see how it would do him any good and that he was ready to be sentenced. Thereupon, the court sentenced petitioner to imprisonment for a term of five years on the first count and for a term of five years on each of counts 2 to 45, inclusive, the latter sentences to run concurrently with the sentence imposed on the first count.

The petition for the writ is predicated on two grounds, one, that the indictment failed to charge an offense under any law of the United States, and two, that he was denied the assistance of counsel for his defense.

 The indictment was predicated on 18 U.S.C.A. § 262, which makes it an offense to falsely alter any obligation or other security of the United States with intent to defraud. The contention is made that a postage stamp is not an obligation of the United States. 18 U.S.C.A. § 261, in part, reads as follows:

"The words 'obligation or other security of the United States' shall be held to mean * * * stamps and other representatives of value, of whatever denomination, which have been or may be issued under any Act of Congress, and canceled United States stamps." As amended Jan. 27, 1938, c. 10, § 3, 52 Stat. 7.[1]

It is clear that postage stamps constitute an obligation of the United States.

The alteration of an obligation of the United States with intent to defraud, which is penalized by the statute, need not be an alteration which destroys or impairs the validity of the obligation. It is enough if the alteration is made in furtherance of a scheme to defraud. The test is whether the alteration in question was material to the scheme to defraud. Foster v. United States, 10 Cir., 76 F.2d 183, 184. Within

that test the indictment charged a material alteration.

Petitioner complains that no counsel was provided to file a motion for a new trial or to take and prosecute an appeal from the judgment of the trial court.

Rule 2 of the Rules of Practice and Procedure in Criminal Cases, 28 U.S.C.A. following section 723a, provides that a motion for a new trial must be made within three days after verdict or finding of guilt. It is apparent that Mr. Cameron continued to represent petitioner for more than three days after the verdict was returned and that he filed no motion for a new trial. In the absence of a showing that any basis existed for such a motion, we must assume that petitioner's counsel concluded that a motion for a new trial would be unavailing.

An appeal is not an essential of due process and a defendant is not entitled, as a matter of right, to the assistance of counsel to prosecute an appeal.[2]

The trial court found that the petitioner voluntarily, freely, intelligently, and competently waived his right to have counsel present at the time sentence was imposed. This finding is amply supported by the evidence adduced below.

The order is affirmed.

---

[1] The issuance of 16 cent special delivery air-mail stamps was authorized by 39 U.S.C.A. § 351.

[2] Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732; De Maurez v. Swope, 9 Cir., 104 F.2d 758, 759.