## NIVENS v. UNITED STATES.

### No. 10689.

Circuit Court of Appeals, Fifth Circuit.
Dec. 9, 1943.

---

Claud Nivens, of Leavenworth, Kan. (in pro. per.), for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

Claud Nivens was tried and convicted on four counts of an indictment charging him with passing counterfeit money and conspiring to commit such offense. It was the sentence of the court that he be imprisoned in the penitentiary at Leavenworth, Kansas, "for a term and period of seven years each, on the first, second, and third counts in the indictment, and two years on the fourth count of the indictment, twenty-three years in all, not to run concurrently, sentence to begin October 14, 1936." The commitment followed the language of the sentence.

In 1943 appellant filed a motion to correct the sentence, claiming that it was uncertain and indefinite because it did not expressly state that the respective terms were to run consecutively; that such ambiguity should be resolved in his favor; and that the judgment should be corrected to make each of the sentences begin to run on October 14, 1936. The court below dismissed the motion on the grounds that it was filed too late and was without merit.

It is true that the expiration of the term does not deprive the court of its power to correct its records to conform to the truth,[1] but we do not consider this a proper case for the exercise of that power. The judgment might have been more artfully phrased, but clearly the court intended that the respective sentences should run consecutively, and used language expressive of such intent. Appellant was sentenced to a total of twenty-three years, the exact aggregate of the sentences under all of the four counts. This, standing alone, was sufficient to require that the sentences be served consecutively, and this construction was further clarified by the express negation of concurrent service, the only alternative method. The motion was properly denied.

The final question is whether the court erred in refusing to provide appellant with counsel for the presentation of his motion. The Sixth Amendment guarantees that, in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense, and the Fifth Amendment guarantees due process upon trials for crimes against the United States. If an accused is not represented by counsel upon his trial, and has not competently and intelligently waived his constitutional right, it has been held that no valid conviction and sentence may result.[2] No issue is raised as

---

[1] Buie v. United States, 5 Cir., 127 F. 2d 367, and cases there cited.

[2] Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

to any deprivation of appellant's right to counsel upon his trial; that question has been settled against him in previous habeas corpus proceedings.[3] The contention here is that appellant had a constitutional right to be provided with counsel for the prosecution of a motion to correct the sentence and judgment.

At common law there was no review of criminal cases as a matter of right, and due process does not require the right of appeal.[4] The right to counsel afforded by the Sixth Amendment is expressly limited to "criminal prosecutions", and the motion before us, though arising from a criminal prosecution, may not be classified within the constitutional mandate. We do not think the Fifth and Sixth Amendments require representation by counsel, or an intelligent waiver thereof, in the presentation of a motion to correct judgment and sentence.[5]

Affirmed.

---

[3] Nivens v. Hudspeth, 10 Cir., 105 F.2d 756, certiorari denied 317 U.S. 628, 63 S.Ct. 42.

[4] McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867; District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843.

[5] Cf. Moore v. Aderhold, 10 Cir., 108 F. 2d 729; Errington v. Hudspeth, 10 Cir., 110 F.2d 384, 127 A.L.R. 1467, certiorari denied 310 U.S. 638, 60 S.Ct. 1087, 84 L. Ed. 1407.