Carl P. LAYNE

v.

UNITED STATES of America.

UNITED STATES of America

v.

Carl P. LAYNE.

Civ. A. No. 4910, Criminal A.

United States District Court
E. D. Tennessee, S. D.
March 17, 1967.

---

1. United States v. Long Island Drug Co., 2 Cir. 1940, 115 F.2d 983; United States v. Newhard, W.D.Penn.1955, 128 F.Supp. 805.

Hugh Standifer Guthrie, Chattanooga, Tenn., for petitioner.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for respondent.

## MEMORANDUM OPINION

FRANK W. WILSON, District Judge.

The petitioner, Carl P. Layne, has filed a petition designating the same as a "Petition for Right to File Late Appeal" or in the alternative as a petition made pursuant to Section 2255, Title 28 U.S.C. The petition alleges that the petitioner is presently confined in the Federal Penitentiary at Atlanta, Georgia, upon a commitment from this Court in the case of United States of America v. Carl P. Layne, Criminal No. 12,089. The relief sought is to set aside the judgment and sentence in the said criminal proceedings or to obtain an appeal therein. The petitioner was tried by a jury in the captioned criminal proceeding and a verdict of guilty was returned upon January 20,

1965, upon a three-count indictment charging conspiracy to commit armed robbery of a United States agent and armed robbery of a United States agent. Thereupon the petitioner was sentenced five years on Count One, ten years on Count Two, and five years on Count Three, concurrent as to counts, and made eligible for parole under Section 4208(a) (2), Title 18 U.S.C.

By a former order of the Court in this case the petition was filed as a motion in the captioned criminal case for a delayed appeal and at the same time filed as a civil action under Section 2255, Title 28 U.S.C., seeking to set aside the judgment and sentence in the captioned criminal proceedings.

Subsequent to the filing of the original petition, the petitioner moved to amend his petition to allege, among other things, that his attorney at the time of the criminal trial failed to call material witnesses in behalf of the defendant, although it is alleged that he was requested to do so by the defendant. This alleged ineffective representation upon the trial, it is contended, violated the petitioner's Constitutional rights.

The petition and motion appearing to raise issues of fact, the Court was of the opinion that a hearing should be held thereon. Accordingly, a hearing was held upon March 10, 1967, at which time the petitioner was present, represented by counsel, and at which witnesses were presented on behalf of the petitioner. The Government produced no witnesses but relied upon the cross-examination of witnesses produced in behalf of the petitioner. Upon the basis of the evidence and upon the record in the above criminal proceedings, the Court makes the following findings:

It appears that the petitioner requested of his attorney upon the trial of the captioned criminal case and immediately following the sentencing therein that an appeal be taken upon his behalf. It further appears that the petitioner's attorney, having concluded in his own mind that an appeal would not be effective, did not perfect an appeal, nor did he advise the petitioner of his decision in this respect until some months later, the petitioner meanwhile having been committed to the Federal Penitentiary upon the sentence imposed.

As authority for allowing a delayed appeal under these circumstances, or in the alternate obtaining relief under Section 2255, the petitioner relies upon the cases of Dillane v. United States, (1965) 121 U.S.App.D.C. 354, 350 F.2d 732, 733 and Coffman v. Bomar, (D.C.M.D.Tenn., 1963) 220 F.Supp. 343. Considering first the *Coffman* case, this case would appear to be rather readily distinguishable upon its facts. It was a habeas corpus action in a federal court by a state court prisoner who had been represented, as an indigent, by court-appointed counsel in the state court. The district court found that the petitioner had lost his right to appeal under Tennessee law by default upon the part of his court-appointed counsel and that this default must be attributed to the State in testing the application of the Fourteenth Amendment. In the present case the petitioner was represented by retained counsel of his own choice. There is no element of discrimination by reason of alleged indigency here involved, such as formed the basis for the decision in the *Coffman* case.

Considering next the *Dillane* case, the Court of Appeals for the District of Columbia, after denying an appeal in forma pauperis for failure to file the same within the time allowed by Rule 37(a) (2), Federal Rules of Criminal Procedure, suggested by way of dicta that relief might be provided by a post-conviction proceeding under Section 2255, Title 28 U.S.C. It was suggested that upon a showing of ineffective assistance of counsel in such a proceeding, the Court might vacate the sentence, resentence the defendant and thereby restore the defendant to the status of one on whom sentence had just been imposed. This Court is of the opinion that the *Dillane* case, while it deserves consideration and sug-

gests a possible procedure for accomplishing the result here sought by the petitioner, does not adequately deal with the problem here presented.

■■ Considering the petition herein as a motion in the original criminal case of United States of America v. Carl Layne, Criminal No. 12,089, it is apparent that this Court would have no authority to allow a delayed appeal at this time. More than two years have elapsed since the date of the defendant's conviction. Rule 37, Federal Rules of Criminal Procedure, is clear in its provisions with respect to the time in which a notice of appeal must be filed. It is likewise clear under Rule 37 that even upon a showing of excusable neglect, the District Court may not enlarge the time for filing an appeal for a period more than 30 days from the expiration of the original ten-days provision. Fennell v. United States, (C.A.10, 1965) 339 F.2d 920, cert. den. 382 U.S. 852, 86 S.Ct. 100, 15 L.Ed.2d 90. Insofar as it is sought to have the present petition treated as a motion for delayed appeal in Criminal No. 12,089, the motion must be denied.

■ Considering next the petition in its alternate form as a petition under Section 2255, it should be noted that the general rule followed in this Circuit has been that where an accused is represented by retained counsel of his own choosing, as was the petitioner here, a charge of inadequate legal representation can prevail only where the proceedings were made a farce and mockery of justice, shocking to the conscience of the Court. Horton v. Bomar, (C.A.6, 1964) 335 F.2d 583; O'Malley v. United States, (C.A.6, 1961), 285 F.2d 733. One convicted of a crime in a court having jurisdiction, without violation of any Constitutional right, cannot as a general rule successfully contend in habeas corpus proceedings that he was deprived of the right to appeal by reason merely of some act or omission of his counsel resulting in failure to get it heard in the appellate court. Errington v. Hudspeth, (C.A.10, 1940) 110 F.2d 384, 127 A.L.R. 1467, cert. den. 310 U.S. 638, 60 S.Ct. 1087, 84 L.Ed.

1407, reh. den. 315 U.S. 828, 62 S.Ct. 792, 86 L.Ed. 1223. See also annotation 19 A.L.R.2d 789 at 804.

The particular problem here presented appears to this Court to have been correctly dealt with in the case of Dodd v. United States, (C.A.9, 1963) 321 F.2d 240. In that case, as in the present case, the petitioner sought relief by a petition under Section 2255 from a failure of his counsel to take an appeal. Although the defendant was there represented by appointed counsel and not retained counsel and although the immediate issue before the Court was whether the trial court should have held a hearing upon the petition, a matter which has been accomplished in this case, the decision deals with issues presently before this Court. After reviewing relevant authority, the Court there concluded:

"We think the sound administration of criminal justice in a case such as ours, requires that the district judge do three things,

"(1) Decide if petitioner should be returned for a hearing. Possibly a deposition of petitioner and his trial attorney may supply the needed information.

"(2) Hold a hearing, make findings and determine if there was an 'intentional relinquishment' of petitioner's 'known right' to appeal, by a 'considered choice' on his own part.

"(3) If there was no intentional relinquishment of petitioner's right to appeal, then as a further part of the hearing, consider evidence, make findings and determine if petitioner suffered any prejudice in not securing a review by appeal of his trial, conviction and sentence."

Applying the foregoing principles to the record upon the hearing in this case, the Court is of the opinion that the preponderance of the evidence establishes that the petitioner did not himself participate in the decision made by his attorney not to appeal his conviction. While the evidence of the petitioner's delay of almost two years in inquiring of

his attorney with regard to an appeal suggests his acquiescence in the original decision not to take an appeal, the indefiniteness of his attorney's recollection, together with the absence of any records in the possession of the said attorney in regard to the decision not to appeal, causes the Court to conclude that the petitioner did not himself make an intentional relinquishment of his known right to appeal by a considered choice upon his own part.

■ Having so concluded, however, before the petitioner would be entitled to the relief here sought it must also appear that he has suffered some prejudice by reason of not having secured an appellate review of his conviction. The Court is of the opinion that no showing of such prejudice has been made to appear. There is no error upon the trial that has been suggested other than the alleged failure of the petitioner's attorney to call additional alibi witnesses, to which the Court will shortly give its attention. The petitioner's attorney in the criminal trial was obviously of the opinion that no ground for appeal existed in the record. Likewise, no appeal was taken on behalf of the petitioner's two co-defendants in the criminal trial who were themselves represented by other legal counsel. They were convicted and sentenced as was the petitioner. This Court has made a careful review of the record upon the trial of the criminal case and is aware of no errors therein.

■ By an amendment to his petition, the petitioner seeks to have the judgment and sentence herein set aside upon the additional ground that his attorney at the trial failed to produce material witnesses who would have sustained the defendant's defense that he was not within the State of Tennessee at the time the alleged offense was committed. At the time of the trial the defense asserted on behalf of the defendant was that of an alibi and witnesses were introduced in support of the said defense. The jury, by its verdict, disbelieved the said witnesses. The Court concurs in that disbelief. Moreover, the defendant has himself now materially altered his testimony with respect to his alibi defense, he having testified at the time of the trial of the criminal action that he went to Chicago by bus but now contends that he traveled by automobile with one Elbert Marson; he having testified at the trial that he lived from place to place while in Chicago to hide from the law but now testifying that he lived with the Marsons; and he having previously failed to identify the Marsons as possible witnesses, although specifically asked at the time of the criminal trial for the identity of any persons who would have known of the date of his arrival in Chicago. Mrs. Marson now testifies that the petitioner was in Chicago by not later than April 5, 1964, ten days before the offense was committed in Tennessee. However, the petitioner concedes that he was in jail in Marion County, Tennessee, upon a state conviction after April 5, 1964, and made an escape from jail upon April 9, 1964. The petitioner's new alibi witnesses are no more credible than were those produced at the trial.

■ The petitioner was represented at the criminal trial by an able and experienced attorney, one selected and retained by the petitioner. That attorney now testifies that he produced all alibi witnesses at the trial of which he was advised by the petitioner. This Court believes the attorney and disbelieves the petitioner when he contends otherwise. Moreover, Section 2255 is not available as a motion for new trial nor to reopen the case to present additional alibi witnesses. The Court is of the opinion that the petition for relief under Section 2255 should be dismissed.

An order will enter in accordance with this opinion.