John Benny RIGBY

v.

Lake F. RUSSELL, Warden Tennessee
State Penitentiary, Nashville,
Tennessee.

Civ. A. No. 5215.

United States District Court
E. D. Tennessee, S. D.

June 26, 1968.

Maurice R. Bowen, Jr., Chattanooga, Tenn., for petitioner.

Edward E. Davis, Dist. Atty. Gen., Chattanooga, Tenn., for respondent.

## OPINION

FRANK W. WILSON, District Judge.

In this habeas corpus proceeding the petitioner, John Benny Rigby, seeks to test the legality of his confinement by the State of Tennessee under consecutive sentences imposed in two criminal cases. From the pleadings and the record in this case it appears that the following matters form the undisputed background to this litigation:

Upon October 30, 1962, an indictment was returned in the Criminal Court for Hamilton County, Tennessee, charging the petitioner, John Benny Rigby, and a co-defendant, one Paul Nelson Fisher, with having committed an armed robbery in Hamilton County, Tennessee, upon October 5, 1962. Upon November 13, 1962, the petitioner entered a plea of guilty upon the armed robbery indictment and he was thereupon sentenced to ten years imprisonment in the case. These proceedings were had in the case entitled "State of Tennessee v. John Benny Rigby, Docket No. 104,080," in the Criminal Court for Hamilton County, Tennessee. Although the record is not altogether clear upon the point, it appears that the petitioner is currently serving this sentence.

Upon November 13, 1962, the same date on which the plea of guilty was entered in the aforesaid Docket No. 104,-080, a further indictment was returned in the Criminal Court for Hamilton County, Tennessee, charging the petitioner and the co-defendant Fisher with having committed an assault with intent to commit murder in Hamilton County, Tennessee, the assault being alleged to have been committed upon October 24, 1962. Upon November 29, 1962, the petitioner entered a plea of guilty upon the assault indictment and he was thereupon sentenced to five years imprisonment, it being provided that this sentence would run consecutive to the sentence previously imposed in Docket No. 104,080. These proceedings were had in the case of State of Tennessee v. John Benny Rigby, Docket No. 104,187 in the Criminal Court for Hamilton County, Tennessee. It appears that the petitioner is presently still serving the original sentence of ten years and has not yet commenced serving the consecutive five-year sentence.

Upon September 23, 1963, the petitioner filed a petition for a writ of habeas corpus in the Circuit Court for Davidson County, Tennessee, in which petition he sought the same relief which he now seeks in this court and in which petition he asserted the same grounds for relief as are now asserted in this court. An evidentiary hearing was held in the state habeas corpus proceedings, the hearing being held upon March 23 and April 27, 1964. Upon the latter date the state court announced its decision denying the relief sought. These proceedings were had in the case of John Benny Rigby v. Lynn Bomar, Docket No. 71,710 in the Circuit Court for Davidson County, Tennessee. An appeal was duly perfected to the Supreme Court of Tennessee in the case, but for unexplained reasons the appeal appears to have become misplaced and was not acted upon by the Supreme Court of Tennessee until after the filing of the petition for habeas corpus in this case upon February 20, 1968. Following

the filing of the petition in this case, the appeal was resubmitted to the Tennessee Supreme Court upon March 6, 1968, and upon May 3, 1968, that Court entered an opinion affirming the action of the lower state court in denying the petition for habeas corpus.

In view of the delay in acting upon the appeal to the State Supreme Court, the respondent raised no issue in this case with respect to the exhaustion by the petitioner of his state court remedies. As a part of its response in this case, the respondent has filed a transcript of the evidentiary hearing held in the habeas corpus proceeding in the state court. This Court has previously made a determination, in accordance with the guidelines set forth in the case of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, that the record in the state court habeas corpus proceedings reflected that a full and fair evidentiary hearing had been held with respect to all issues now presented in this court and that this Court might therefore properly proceed to a determination of the issues here presented on the basis of the evidentiary record made in the state court.

As grounds for relief the petitioner contends that his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution were violated in each of the state court criminal actions by reason of the following matters: (1) The petitioner contends that he was denied the effective assistance of legal counsel in each of the state court criminal actions; (2) The petitioner contends that he was brought before the jury while handcuffed and shackled in each of the state court criminal actions; (3) The petitioner contends that he was tricked or coerced into entering a plea of guilty in each of the state court criminal actions; and (4) The petitioner contends that in state Docket No. 104,187, wherein he was charged with an assault, he was convicted of a greater offense than that for which he was indicted.

■■ Preliminary to a consideration of the foregoing contentions of the petitioner, it is appropriate to point out that an application for a writ of habeas corpus is not itself a criminal action, but rather is a civil lawsuit, and the burden of proof accordingly rests upon the petitioner to establish that his detention is in violation of his rights under the Federal Constitution. Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, cert. denied 307 U.S. 642, 59 S.Ct. 1045, 83 L.Ed. 1522. A state court judgment of conviction regular on its face and entered by a court having jurisdiction carries with it a presumption of validity and a petitioner is under the burden of proving by a preponderance of the evidence the facts which he claims entitle him to a discharge from the conviction. Widmer v. Johnston, 9 Cir., 136 F.2d 416, cert. denied 320 U.S. 780, 64 S.Ct. 92, 88 L.Ed. 468.

One further preliminary matter is deserving of comment. The petitioner is here seeking to set aside a conviction and secure his release from two consecutive sentences. He is presently being detained in custody under a ten-year sentence imposed in the armed robbery case. The second sentence, being a five-year consecutive sentence for assault with intent to commit murder, has not as yet commenced to run. Until recently the law was to the effect that a habeas corpus petition would not lie to test the legality of a second of two consecutive sentences until such time as the petitioner was actually deprived of his freedom under the second sentence. See McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Turner v. State of Maryland, 4 Cir., 303 F.2d 507. The United States Supreme Court, however, has recently held that the federal courts should fashion appropriate remedies for petitioners held under invalid sentences to be served in the future. See Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (May 20, 1968).

■ Turning to the contentions of the petitioner, it will be noted that the same irregularities are charged in each of the two criminal cases under attack with the

exception that the petitioner contends that in Docket No. 104,187, wherein he was charged with assault, he was convicted of a greater offense than that for which he was indicted. This latter contention is patently without merit. Although the petitioner contends that he was indicted for a felonious assault but convicted of a different offense of assault with intent to commit murder, it is apparent from the record that his contention in this regard is wholly without merit. The record reflects that he was indicted for assault with intent to commit murder. He was convicted of the same offense and the sentence imposed was in accord with the indictment and the conviction.

 Although the remaining three contentions made by the petitioner are identical with respect to each of the two criminal convictions under attack, it will be proper to consider them separately as they relate to each of the two criminal cases under attack. Considering first the petitioner's contention that he was deprived of effective assistance of counsel in the armed robbery case (Docket No. 104,080), the Court is of the opinion that the record does not sustain the petitioner's contention. Although the petitioner contends that he was never represented by counsel, the record is clear to the contrary. Petitioner himself testifies that when he was first taken before the trial judge he was advised of his right to counsel and was granted time to retain counsel with the understanding that if he did not do so the Court would appoint counsel for him (Exhibit B, pp. 28–29). Although the petitioner denies that counsel was later appointed by the Court to represent him, he conceded that an attorney whose name he does not recall, and whom he believed to be a representative of the District Attorney's Office, consulted with him at the jail about the case and appeared in court with him on each case (Exhibit B, pp. 29 and 48). From the testimony of the state trial judge, it appears clear that Jerry Phillips, an experienced trial attorney, was appointed to represent the petitioner and

that Phil Whitaker, Jr., another experienced trial attorney, was appointed to represent Fisher, the petitioner's co-defendant. It is abundantly clear from the testimony of the trial judge, the prosecuting attorney and from the testimony of Mr. Phillips himself that the petitioner was advised and represented by Mr. Phillips at all significant stages of the case. The record likewise establishes the adequacy of such representation (Exhibit C, pp. 64, et seq.). The rule of law generally followed in this respect is that the inadequacy of counsel must be such as would shock the conscience of the Court and make the proceedings a farce and a mockery of justice before habeas corpus relief would be justified. Horton v. Bomar (C.A. 6, 1964) 335 F.2d 583; O'Malley v. United States (C.A. 6, 1961) 285 F.2d 733; Layne v. United States (D.C., E.D.Tenn., 1967) 266 F.Supp. 656; United States ex rel. Smith v. Reincke, D.C., 239 F.Supp. 887, affirmed 2 Cir., 354 F.2d 418, cert. denied 384 U.S. 993, 86 S.Ct. 1896, 16 L.Ed.2d 1010. Habeas corpus is directed to such basic and fundamental unfairness or irregularity in the trial as amounts to a denial of due process. The Court is of the opinion that with respect to the petitioner's contention that he was so inadequately represented by counsel as to render his trial a violation of due process that the petitioner has wholly failed to carry the burden in this regard.

All of the matters just stated with respect to representation of the petitioner by legal counsel and the adequacy of that representation in the armed robbery case (Docket No. 104,080) would be equally applicable in the assault case (Docket No. 104,187). The assault case arose out of an assault upon an officer committed in the course of an attempted jail break while the petitioner and his co-defendant were in custody on the armed robbery charge. This assault charge was prosecuted in the same court and at approximately the same time as the armed robbery charge. Mr. Phillips and Mr. Whitaker were appointed by the Court to represent the petitioner and his co-de-

fendant in the same manner as in the armed robbery case. The petitioner had the advice and assistance of competent legal counsel at all significant stages of the case. The record wholly fails to establish that such representation was inadequate as contended.

It is next contended by the petitioner that each time he was brought before the Court and the jury in each of the two cases upon which he is now under sentence he was required to appear in handcuffs and in leg irons. The evidence in this regard reflects that the jail in which the petitioner was held was separate from the courthouse and that following an attempted jail break by the petitioner he was handcuffed and shackled each time that he was taken from the jail to the courtroom. Before appearing before the Court or the jury, the handcuffs were removed each time, but the preponderance of the evidence reflects that on the occasion the plea of guilty was entered in each case the shackles were not removed from his legs. The failure to remove the shackles was contrary to the policy of the Court and it appears not to have been noticed either by the trial judge or by the prosecuting attorney. The petitioner's attorney was aware that the shackles had not been removed, but considered the matter of no significance as the petitioner was appearing solely for the purpose of entering a plea of guilty. Accordingly, he made no request to have the shackles removed (Exhibit C, p. 73). In each case the sentence imposed was the minimum recommended sentence, although in the assault case the Court ordered the sentence to run consecutive rather than concurrent with the sentence previously imposed in the armed robbery case. The Court is of the opinion that under these circumstances the petitioner has failed to establish that he suffered any prejudice as a result of the failure to remove the shackles.

Turning finally to the contention of the petitioner that he was tricked or coerced into entering a plea of guilty in each case, the facts must be largely determined from the testimony of witnesses at the state habeas corpus proceedings, since no transcript of the criminal proceedings appears to have been made. The Court determines these facts to be as follows:

Upon October 30, 1962, an indictment was returned in the Criminal Court for Hamilton County, Tennessee, charging the petitioner, along with one Fisher, with having robbed a motel manager in Chattanooga, Tennessee, on October 5, 1962. The petitioner appeared before the Court for arraignment on this indictment and requested additional time to employ legal counsel. This request was granted with the understanding that the Court would appoint legal counsel for the petitioner if he were unable to employ counsel. These proceedings appear to have been had upon November 5, 1962 (Exhibit C, p. 6). Although it was the petitioner's testimony that he did not enter a plea on that date (Exhibit B, p. 28), the trial judge testified that a plea of not guilty was then entered (Exhibit C, p. 6). However this may be, the Court shortly thereafter appointed Jerry Phillips, a practicing attorney in Chattanooga, Tennessee, to represent the petitioner. At the same time the Court appointed Phil Whitaker, likewise a practicing attorney in Chattanooga, Tennessee, to represent the co-defendant, Fisher. Mr. Phillips consulted with the petitioner in the Hamilton County Jail, where he was confined, upon two or more occasions. They discussed the case in detail (Exhibit C, p. 100). The petitioner and his co-defendant advised the attorney that they were not guilty as they had been drinking beer in a tavern in one part of town when the robbery was alleged to have been committed in another part of town. The petitioner's attorney then interviewed the prospective witnesses, including the victim of the robbery, whom he determined would positively identify the petitioner as one of the robbers. He further determined that the robbery had occurred at 12:37 A.M., some time after the petitioner had stated that he left the tavern. He concluded from all of these matters that

there was no defense to the robbery charge and so advised the petitioner after consulting with counsel for the co-defendant and finding that he had independently reached the same conclusion. Mr. Phillips further advised the petitioner that the armed robbery charge carried a maximum penalty of death, but stated that he considered such a penalty most unlikely and · that he had never heard of the death penalty being imposed on such a charge (Exhibit C, p. 102). Mr. Phillips recommended unto the petitioner that he enter a plea of guilty and that a minimum sentence be sought. On the day of the trial, November 13, 1962, the petitioner's attorney discussed with the District Attorney the matter of entering a plea of guilty and the possible sentence, and the District Attorney agreed that he would recommend unto the Court and jury that a minimum sentence of ten years be imposed if a plea of guilty were entered. The petitioner was advised of this understanding, and thereupon agreed to enter a plea of guilty. The plea of guilty to the robbery charge was then entered in open court, witnesses for the state were examined and cross-examined before the jury and the District Attorney recommended unto the jury that a minimum sentence of ten years be imposed. The jury accepted this recommendation and returned a sentence of ten years. No appeal was taken and the petitioner first raised an issue with respect to the validity of his plea of guilty at the time his petition for habeas corpus was filed in the state court upon September 23, 1963.

With respect to the assault charge, the Court finds the facts to be as follows: Upon October 24, 1962, while in custody upon the armed robbery charge, the petitioner participated in an attempted jail break. As a result of this indictments were returned against him on November 13, 1962, charging him with an attempted escape and with assault with the intent to commit murder. Mr. Phillips was likewise appointed to represent the petitioner upon these cases. He consulted with the petitioner and was advised by the petitioner that he had made a knife from a portion of his bed and had used this to threaten a guard in an attempt to effect his escape. Concluding that there was no defense to the charges, Mr. Phillips so advised the petitioner. The petitioner then indicated his desire to enter a plea of guilty and requested his attorney to again seek a minimum sentence. Mr. Phillips then discussed the matter with the District Attorney, who agreed to dismiss the escape charge and not to oppose a minimum sentence on the assault charge nor to oppose the sentence being made to run concurrent with the ten-year robbery sentence if a plea of guilty were entered. Mr. Phillips understood this to mean that the District Attorney would recommend to the Court and jury that a minimum sentence of five years be imposed and would recommend that the sentence run concurrent with the ten-year robbery sentence if a plea of guilty were entered. He so advised the petitioner. At the same time, however, he advised the petitioner that the District Attorney's recommendation would not in any sense be binding on the Court or on the jury and that the jury could in its discretion impose a longer sentence and that the Court could in its discretion require that any sentence imposed run consecutive to the robbery sentence. Acting on this advice and information, the petitioner agreed to enter a plea of guilty upon the assault indictment. On the date set for trial, November 29, 1962, the petitioner entered a plea of guilty on the assault charge. The District Attorney made no recommendation in regard to the sentence. After the examination and cross-examination of the state witnesses, the jury returned a minimum sentence of three to five years. The Court ordered the sentence to run consecutive to the ten-year robbery sentence. The escape charge was dismissed. No appeal was taken in the assault case and the petitioner first raised an issue with respect to the validity of his plea of guilty in this case at the time his petition for habeas corpus was filed in the state court upon September 23, 1963.

■ It is of course well settled that a guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void and a conviction based upon such a plea is open to collateral attack. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473. If either of the guilty pleas here for consideration by the Court was involuntarily coerced, unfairly obtained, or given through ignorance, fear, or inadvertence, then such plea was not voluntarily and understandingly given and its acceptance by the State Court would have been a violation of the defendant's right of due process of law under the Fourteenth Amendment of the United States Constitution. Busby v. Holman, 5 Cir., 356 F.2d 75. An involuntary or mistaken plea of guilty entered in a state criminal proceeding would entitle a prisoner committed thereunder to federal habeas corpus relief.

■ However, the Court is of the opinion that upon the evidence in this case the petitioner has failed to establish by a preponderance of the evidence that his plea of guilty was in any manner involuntary, coerced, or unfairly obtained, or that the plea was not voluntarily and understandingly entered. While there appears to have been negotiations between the petitioner's attorney and the state's attorney over the plea to be entered in each case, such plea bargaining does not of itself render the plea subsequently entered invalid. See Shelton v. United States (C.A. 5, 1957) 242 F.2d 101, reh. 246 F.2d 571, reversed 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579. See also Martin v. United States (C.A. 5, 1958) 256 F.2d 345 at 348. The issue of fact remains to be determined in each case as to whether the plea, in the light of such bargaining as may have occurred, was in fact freely, voluntarily, and understandingly entered. See Gilmore v. People of State of California (C.A. 9, 1966) 364 F.2d 916. Some cases have appeared to go off on the issue of whether the defendant obtained the sentence for which he bargained. See Ward v. Page (D.C.Okl., 1965) 238 F.Supp.

431. However, whether the defendant received the benefit of the recommendation of leniency does not of itself establish that the plea was voluntary or involuntary, understood or not understood, valid or invalid. A mistaken or involuntary plea does not become valid because the bargain inducing it was good or bad, kept or unkept. The issue accordingly remains whether, in the light of all of the circumstances, including any plea bargaining, the plea of guilty was freely, voluntarily and understandingly entered.

■ Under the evidence presented upon this record, the Court is of the opinion that the plea of guilty entered by the petitioner in each case was both voluntarily and understandingly entered. That the petitioner may have tendered the plea in hopes of receiving leniency which he either did or did not eventually receive does not destroy the validity of the plea. That the petitioner may have tendered the plea in hopes of avoiding a more severe penalty does not destroy the validity of the plea.

■ The evidence here reflects that while the petitioner may have entered his pleas of guilty with the hope either of obtaining leniency or of avoiding a more severe penalty, his plea in each case was entered freely, voluntarily, and with the understanding that any recommendation of leniency upon the part of the state's attorney would be just that, a recommendation and nothing more, it having been pointed out to the petitioner by his attorney that the final responsibility for assessing a sentence lay with the jury and the final responsibility for determining whether the sentences would run concurrently or consecutively lay with the Trial Judge.

This case points up the hazards involved in the practice of plea discussions or plea bargaining in criminal cases. Had there been no such bargaining in this case, it is unlikely that this proceeding would ever have been filed. Although plea bargaining appears to be a common practice in many courts, it has little to recommend its use. Many prosecuting

officers, if not courts, appear to feel that it is a necessary and proper means of disposing of criminal cases expeditiously. That it expedites disposition of cases may be true. That it is a necessary or proper means of doing so is subject to serious question. Where the practice is followed, the least that should be done is that the Trial Court should require a full disclosure upon the record of such negotiations and then conduct a careful inquiry into the voluntary and understanding nature of the plea.[1]

An order will enter dismissing the petition for habeas corpus in accordance with this opinion.

1. The American Bar Association's Project On Minimum Standards For Criminal Justice, in its Standards Relating to Pleas of Guilty (tentative draft, February 1967), among other standards, recommends the following: "1.5 Determining voluntariness of plea. The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea."