**1328**

Henry E. **HANSEN**, Petitioner,

v.

James W. **MATHEWS**, Warden,
Respondent.

No. 68–C–2.

United States District Court
E. D. Wisconsin.

March 11, 1969.

---

Paul E. Schwemer, Milwaukee, Wis., for petitioner.

Bronson C. La Follette, Atty. Gen., William A. Platz, Sverre O. Tinglum, Asst. Attys. Gen., Madison, Wis., for respondent.

### OPINION AND ORDER

REYNOLDS, District Judge.

The petition for a writ of habeas corpus filed by Henry E. Hansen challenges two convictions. One was for endangering safety by conduct regardless of life (hereinafter referred to as "endangering") [§ 941.30, Wis.Stats.] with a five year sentence, and the other was under the repeater statutes [§§ 939.62, 959.12, Wis.Stats.] with an additional five year sentence to be served con-

secutively. Both convictions and sentences were entered on October 23, 1961, in the Municipal Court, Milwaukee, Wisconsin, Judge John L. Coffey presiding. The endangering conviction was based on a plea of guilty which the petitioner subsequently attempted to withdraw at the same hearing. Petitioner challenges his imprisonment on the grounds that the plea of guilty was not voluntary and that the sentencing provisions of the repeater statute were improperly invoked.

The state has conceded that the sentence imposed under the repeater statute was improper in that petitioner's prior convictions were neither admitted by him nor proved by the state in accordance with § 959.12(1), Wis.Stats. The state agrees that petitioner is entitled to discharge from that portion of the sentence attributable to the repeater provisions.

This opinion, therefore, need only deal with the claim that the plea of guilty was not voluntary.

In 1966, Henry E. Hansen filed a petition in the Circuit Court of Milwaukee County for writ of error coram nobis which raised the issue of the voluntariness of the plea. An evidentiary hearing was held in Judge Coffey's court on February 23, 1966.

At the time of the coram nobis hearing, Judge Coffey went to great lengths to insure that the record would reveal that the petitioner had had ample opportunity to introduce all the evidence he had respecting the circumstances surrounding the entry of the plea in 1961. The transcript of the coram nobis hearing has been made part of the record in this proceeding.

Consequently, it was unnecessary to hold a separate evidentiary hearing on the factual question of the voluntariness of the plea as that question has already been examined by the state courts.

This case came before the Municipal Court of Milwaukee County on February 2, 1961. At that time, pleas of not guilty were entered to the endangering charge and also to a companion charge of auto theft, and jury trials were requested. Petitioner was represented by counsel at all times involved in this petition.

On July 14, 1961, the case was again before the court, the pleas remained as not guilty, and the jury request remained. The petitioner was charged with two crimes which arose out of one fact situation. In essence, the state contended that petitioner drove an auto, not his own and without the consent of the owner, and used that auto to try to run down a policeman. Negotiations as to the charges and their respective pleas occurred between the defendant and the district attorney prior to trial. The first agreement reached was that the defendant would plead guilty to the charge of auto theft and the state would move to dismiss the charge of endangering.

On October 23, 1961, the case was called for trial. At this time the defendant signed jury waivers on both charges and changed his plea in the auto theft case to guilty. The state then made a motion to dismiss the endangering case which was taken under advisement. Testimony was then taken, but the state was unable to prove all the elements of the auto theft charge because of the absence of the owner of the car. Consequently, the court refused to accept the plea and the related motion to dismiss the endangering charge. It should be kept in mind that at the time of these proceedings in 1961, there was no requirement in the State of Wisconsin that the state present evidence of all the elements of the offense when a guilty plea was entered.* The proceeding employed was a further protection of the defendant's rights rather than something in derogation thereof.

When the state could not produce the collaborating testimony of the owner of the automobile for the plea of guilty

---

* See § 957.25, Wis.Stats. (1961).

to the auto theft charge, court recessed and the "bargain" was renegotiated. The agreement then reached was that the defendant would plead guilty to the endangering charge and the state would move to dismiss the auto theft charge. When court reconvened, that is exactly what occurred. However, when the court began to take testimony to corroborate the plea to the endangering charge, the defendant apparently decided to back down on the "deal." The defendant took the stand and categorically denied his guilt.

Petitioner claims his plea was involuntary for essentially three reasons. First, he claims that letters from his attorney induced him to believe that any sentence he received would be concurrent with the sentence he was then serving. Secondly, petitioner asserts that the plea bargaining rendered his plea involuntary. Finally, petitioner claims that his denial of guilt under oath vitiates his plea (and indicates that it was involuntary) as a matter of law.

### DID LETTERS FROM DEFENDANT'S COUNSEL, SUGGESTING CONCURRENT SENTENCING, RENDER THE PLEA INVOLUNTARY?

■■■ Misapprehension by petitioner of a material fact, such as the consequence of a plea of guilty, clearly could render a plea involuntary. Parker v. Johnston, 29 F.Supp. 829 (N.D.Cal. 1939). However, this court is not prepared to hold that a letter or letters from the defendant's attorney, without more, establishes that such a misconception exists. Indeed, if the court were to so hold, defense attorneys would be less than shrewd (the ethical question aside) if they did not write a letter to their clients prior to trial suggesting or promising that something less than the maximum possible sentence would be given. Clearly this would be an undesirable policy to foster.

The other facts and circumstances in this case require this court to conclude that petitioner did not labor under a misconception of his potential sentence at the time he entered his plea. At the coram nobis hearing, the defense counsel testified that he advised his client of the consequences of his plea. The assistant district attorney who prosecuted the case explicitly denied that a promise of a concurrent sentence had been made.

Consequently, this court must conclude that the letters from the petitioner's attorney, when considered in light of the other facts and circumstances, do not establish by a preponderance of the evidence that the plea was entered under a misconception and thus involuntary.

### DOES PLEA BARGAINING INVALIDATE SUBSEQUENT PLEAS?

■■ A plea entered as a result of coercion, promises, or threats is not a voluntary plea. United States ex rel. McGrath v. LaVallee, 319 F.2d 308 (2d Cir. 1963). However, plea bargaining *per se* does not render subsequent pleas involuntary. All the circumstances surrounding the entry of the plea must be considered. Rigby v. Russell, 287 F. Supp. 325 (E.D.Tenn.1968).

■ The totality of the circumstances presented in the record of this case indicates that the petitioner voluntarily entered into the plea bargaining and voluntarily entered his plea as a result thereof. It would be an absurdity of constitutional law to hold that although defendants may voluntarily waive their right to counsel and their right to trial by jury, their privilege against self-incrimination may not be waived unless it is waived as to all charges then pending. Such, in effect, is what petitioner is asking this court to conclude. If this court were to say that the guilty plea to the endangering charge is invalid because it was the result of an agreement to dismiss the auto theft charge, the effect of the holding would be that defendants may plead guilty to all or none of the charges against them; no middle ground would remain. Such is neither the law nor a desirable result.

DOES THE ASSERTION OF INNO-
CENCE SUBSEQUENT TO EN-
TRY OF A GUILTY PLEA ES-
TABLISH, AS A MATTER OF
LAW, THAT THE PLEA WAS IN-
VOLUNTARY?

■■ This court has found no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law. All of the circumstances surrounding the plea must be considered.

The fact that petitioner tried to back out of the "bargain" by asserting his innocence after entering his plea and after the district attorney moved to dismiss the auto theft charge (and the court granted that motion) does not, *per se*, make the previously entered plea involuntary. An allegation of innocence alone is not sufficient to compel the granting of a motion to withdraw a guilty plea (assuming for the purposes of this opinion that such motion was made and denied). United States v. Hughes, 325 F.2d 789 (2d Cir. 1964), cert. denied 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178.

■ In all of the circumstances surrounding this case, I find that Henry E. Hansen voluntarily entered the pleas involved in this incident, and that the court did not abuse its discretionary power by refusing to change the voluntary plea of guilty to not guilty. Both the transcript of the court proceedings at the time of the pleas and the transcript of the coram nobis proceeding amply support the conclusion that petitioner knew what he was doing when he entered the first plea of guilty to the auto theft charge. He likewise knew what he was doing when he entered the plea of guilty to the endangering safety charge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The foregoing shall constitute the findings of fact and conclusions of law in this matter.

For all the foregoing reasons,

It is ordered that the sentence of petitioner, Henry E. Hansen, pursuant to the repeater provisions, §§ 939.62 and 959.12, Wis.Stats., shall be and it hereby is vacated, and the respondent, James W. Mathews, shall be and he hereby is directed to discharge petitioner from his custody insofar as such custody is pursuant to the above-vacated sentence.

It is further ordered that in all other aspects, the petition for writ of habeas corpus shall be and it hereby is denied.