996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert Lee EDWARDS, Jr., Defendant-Appellant.
 No. 92-5539.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1993.
Decided: June 22, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-91-73-3)
 Argued: George Alan DuBois, Jr., Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 David J. Cortes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 On Brief: Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, Circuit Judge, MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 A jury found Robert Lee Edwards, Jr. ("Edwards"), guilty of one count of possession of an altered obligation of the United States in violation of 18 U.S.C. § 472.[1] The altered obligation consisted of a genuine One Dollar bill with a foot-long strip of plastic attached by transparent tape (the "dollar bill"). On appeal, Edwards disputes that the dollar bill was "altered" under section 472 and challenges the sufficiency of the evidence used to convict him. Finding no error, we affirm.
 
 I.
 
 2
 On September 17, 1991, North Carolina State Trooper J.J. McCree ("Trooper McCree") stopped Edwards for speeding. Edwards consented to Trooper McCree's request to search his vehicle. Shortly thereafter, two more State Troopers arrived and assisted in the search. During their exhaustive search, an envelope containing ten counterfeit $20 bills fell from behind the dashboard of the vehicle. At that time, Edwards was arrested for a vehicle registration violation and taken to the magistrate's office.
 
 
 3
 After the arrest, Trooper McCree searched Edwards' wallet and found a $1,000.00 check that was later found to be forged. Secret Service Agent Michael J. Casper ("Agent Casper") then arrived and questioned Edwards. While looking through Edwards' wallet, Agent Casper found the dollar bill.
 
 
 4
 Edwards was subsequently indicted and tried on three counts: possession of counterfeit currency in violation of 18 U.S.C. § 472; possession of an altered dollar bill in violation of 18 U.S.C. § 472; and interstate transportation of a forged check in violation of 18 U.S.C. § 2314. After a five day trial, the jury found Edwards guilty of possessing the altered dollar bill in violation of 18 U.S.C. § 472. The jury, however, was unable to reach a verdict on the counterfeiting charge and the forged check charge.[2] The district court sentenced Edwards to twelve months probation and fined him $500.00. Edwards now appeals his conviction.
 
 II.
 
 5
 Edwards first argues that the dollar bill was not altered within the meaning of 18 U.S.C. § 472. He contends that in order to "alter" currency, there must be a physical change in the nature or appearance of the currency which fraudulently masks or transforms its true identity. Thus, Edwards argues the dollar bill at issue was not altered since it remained genuine and did not lose its essential character as a dollar bill when the plastic strip was attached. We disagree.
 
 
 6
 The term "altered," as used in section 472, is afforded its plain meaning. United States v. Hall, 801 F.2d 356, 360 (8th Cir. 1986). Therefore, to "alter" a dollar bill is " 'to cause [it] to become different in some particular characteristic (as measure, dimension, course, arrangement, or inclination) without changing [it] into something else.' " Id. at 359 (quoting Webster's Third New International Dictionary 63 (1971)); see also Black's Law Dictionary 77 (6th ed. 1990) (alter means "to change some of the elements or ingredients or details without substituting an entirely new thing or destroying the identity of the thing affected"). A dollar bill with a plastic strip attached is clearly different from a dollar bill without one. As will be shown later, the plastic strip was attached in order to defeat the sole purpose of the dollar bill-legal exchange for merchandise. The plastic strip therefore changed the dollar bill's"inclination," "ingredients or details" because it was no longer to be used as legal tender for goods and services. Thus, we have little difficulty in finding that the dollar bill was altered. Moreover, the fact that the dollar bill remained genuine is of no consequence. See Errington v. Hudspeth, 110 F.2d 384, 386 (10th Cir.) (alteration "need not be[one] which destroys or impairs the validity of the obligation"), cert. denied, 310 U.S. 638 (1940).
 
 
 7
 However, simply finding that the dollar bill was altered does not end the inquiry. The alteration in question must be"material to the scheme to defraud." Errington, 110 F.2d at 386.[3] This materiality requirement ensures that innocent or accidental alterations do not become criminal. In this case, the purpose of the plastic strip was to allow the user to retrieve the dollar bill after having used it to purchase goods from vending machines. Without the plastic strip, the user would lose the ability to retrieve the dollar bill and would therefore be unable to defraud the vending machines. Accordingly, because the plastic strip was material to the scheme to defraud vending machines, the dollar bill at issue was altered within the meaning of section 472.
 
 
 8
 Alternatively, Edwards argues there was insufficient evidence to prove that he possessed the altered dollar bill with the intent to defraud required by section 472. We review claims concerning sufficiency of the evidence to determine if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).
 
 
 9
 At trial, Agent Casper testified about his questioning of Edwards regarding the dollar bill:
 
 
 10
 I also went through his wallet and there was still a dollar bill in his wallet and I took the dollar bill out and, at that point in time, I noticed that there was a piece of plastic attached to it. It's difficult to notice because the piece of plastic was wrapped around the dollar bill and folded back over so just looking quickly it looked like just a dollar bill. I took it out and unfolded it.... I said, "What's this[?,]" and he looked at me and said "Well, you know what it is." And I said, "What's this?" He says, "You know what it is." I said, "Yes, I know what it is but I want you to tell me what it is." He said "It's a dollar trick and it's basically used to get free drinks from coke machines." He says,"But I haven't used it."
 
 
 11
 A short period of time, very short period of time, my conversation ended. I kind of looked at him, he said"It doesn't work anyway" and I said "Well, How do you know if it doesn't work if you haven't used it?" Again he was unresponsive.
 
 
 12
 Joint Appendix ("J.A.") at 13-14 (quotations added). Although Edwards testified at trial that he bought the "trick bill" in an "even exchange" for one dollar, Agent Casper testified that Edwards told him he bought it on the street for five dollars. J.A. at 17, 29-31.
 
 
 13
 As the record indicates, the jury could have reasonably believed that Edwards kept the dollar bill with him in his wallet, he purchased the dollar bill for more than its face value, he knew the dollar bill was a "trick" dollar, and he attempted to use it to defraud vending machines in the past. Therefore, we find there was sufficient evidence to prove Edwards' intent to defraud required by section 472.
 
 
 14
 For the foregoing reason, Edwards' conviction is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Section 472 states:
 Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both.
 18 U.S.C. § 472 (1988).
 
 
 [2]
 The government ultimately dismissed these two charges
 
 
 [3]
 Decided under former 18 U.S.C.s 262 (now 18 U.S.C. § 471 (1988)), but nonetheless applicable